Mildred K. O'Linn (State Bar No. 159055)
*missy.olinn@manningkass.com*
Yury A. Kolesnikov (State Bar No. 271173)
*yury.kolesnikov@manningkass.com*
Roslynn Wilfert (State Bar No. 303024)
*roslynn.wilfert@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro*

MANNING | KASS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANGEL FRANCISCO SANCHEZ,

Plaintiff,

v.

CITY OF BALDWIN PARK, ERIC CAMACHO, JOSE CASTRO, and DOES 1–10, INCLUSIVE,

Defendants.

Case No.: 2:23-cv-03807 DMG (MAR)

**Defendants' Notice of Motion and Motion to Stay Action Pending Resolution of Plaintiff's Related Criminal State-Court Proceedings; Memorandum of Points and Authorities in Support Thereof**

*Filed concurrently with the Declarations of Yury A. Kolesnikov and Roslynn Wilfert and [Proposed] Order*

Judge: Hon. Dolly M. Gee
Courtroom: 8C, 8th Floor
Date: December 13, 2024
Time: 9:30 a.m.

Complaint Filed: May 18, 2023
Trial Date: April 8, 2025

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 13, 2024, at 9:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dolly M. Gee, located in Courtroom 8C of the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendants City of Baldwin Park, Eric Camacho, and Jose Castro will and hereby do move this Court to stay this action pending resolution of Plaintiff's related state-court criminal proceedings in an action captioned *People v. Sanchez*, Case No. KA133424 (Cal. Super. Ct., Cnty. of Los Angeles).

This motion is made on the ground that a stay of this action is warranted under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Younger v. Harris*, 401 U.S. 37 (1971). Specifically, the Court should stay the action because:

1. If Mr. Sanchez is convicted in the criminal action, that conviction will bar his claims in this court under *Heck*. Until the resolution of the criminal proceedings, it is unclear whether certain defenses will be available to defendants in this action. Moreover, without a stay, defendants will be prejudiced in their ability to conduct discovery and to prepare this action for trial.

2. A stay is also warranted under the *Younger* abstention doctrine because proceeding with this action would interfere with the ongoing criminal state-court proceedings and the state-court proceedings provide an adequate opportunity for Mr. Sanchez to raise the constitutional claims.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the declarations of Yury A. Kolesnikov and Roslynn Wilfert, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

/ / /

/ / /

/ / /



MANNING | KASS

MANNING | KASS

**STATEMENT REGARDING CONFERENCE OF COUNSEL**

This motion is made following months-long e-mail correspondence between counsel as well as a telephonic conference of counsel that took place on October 25, 2024. Specifically, the parties have been discussing the stay of this action pending the resolution of the related criminal proceedings since July 2024. *See* Declaration of Yury A. Kolesnikov ("Kolesnikov Decl."), Ex. 6. On September 16, 2024, Plaintiff's counsel indicated that they were agreeable to a stay of this action and would prepare a stipulation for Defendants' approval. *Id.*, Ex. 6 at 7. On October 11, 2024, Plaintiff's counsel reversed their position and indicated that they were no longer agreeable to a stay of this action. *Id.*, Ex. 6 at 1. Thereafter, the parties met and conferred by telephone on October 25, 2024, to discuss Defendants' motion to stay this action under *Heck* and *Younger*. Kolesnikov Decl. ¶ 3. The parties were not able to reach an agreement, thus necessitating the filing of the present motion to stay. *Id.*

DATED: November 13, 2024 Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Yury A. Kolesnikov*
Mildred K. O'Linn
Yury A. Kolesnikov
Roslynn Wilfert

*Attorneys for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro*

# MEMORANDUM OF POINTS AND AUTHORITIES

## Table of Contents

I. INTRODUCTION ........ 1
II. BACKGROUND ........ 1
A. Factual Background ........ 1
B. Federal Civil Rights Action ........ 2
C. Criminal State-Court Proceedings ........ 3
III. LEGAL STANDARD ........ 4
IV. ARGUMENT ........ 4
A. A Stay Is Warranted Under *Heck* ........ 4
B. The *Keating* Factors Weigh in Favor of Staying the Action ........ 7
C. A Stay Is Warranted Under the Doctrine of *Younger* Abstention ........ 10
V. CONCLUSION ........ 12
CERTIFICATION PURSUANT TO LOCAL RULE 11-6.2 ........ 13

MANNING | KASS




**Table of Authorities**

**Cases**

*Clinton v. Jones*,
520 U.S. 681 (1997) ............................................................ 4

*Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*,
196 F.3d 1011 (9th Cir. 1999)............................................ 11

*Curry v. Baca*,
371 F. App'x 733 (9th Cir. 2010)............................................ 6

*Disabled Rights Action Committee v. Las Vegas Events, Inc.*,
375 F.3d 861 (9th Cir. 2004)............................................ 3

*Escobar v. Doe*,
2017 WL 7050642 (C.D. Cal. Nov. 30, 2017)........................ 11, 12

*Estate of Strickland v. Nevada Cnty.*,
69 F.4th 614 (9th Cir. 2023)............................................ 6

*Gates v. Sergent*,
2024 WL 2117031 (E.D. Cal. Apr. 26, 2024)........................ 8, 9

*Gilbertson v. Albright*,
381 F.3d 965 (9th Cir. 2004)............................................ 10

*Harrell v. Lemos*,
292 F. App'x 614 (9th Cir. 2008)............................................ 7

*Heck v. Humphrey*,
512 U.S. 477 (1994) ............................................ 1, 4, 5, 6

*Hicks v. Miranda*,
422 U.S. 332 (1975) ............................................ 10

*Keating v. Office of Thrift Supervision*,
45 F.3d 322 (9th Cir. 1995)............................................ 4, 7

*Landis v. N. American Co.*,
299 U.S. 248 (1936) ............................................ 4

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
457 U.S. 423 (1982) ............................................ 10

*Miller v. Whitney*,
2000 WL 1721063 (N.D. Cal. Nov. 7, 2000)........................ 7

*Pennzoil Co. v. Texaco, Inc.*,
481 U.S. 1 (1987) .......... 11

*People of the State of Cal. v. Mesa*,
813 F.2d 960 (9th Cir. 1987) .......... 11

*Peyton v. Burdick*,
358 F. App'x 961 (9th Cir. 2009) .......... 5, 7, 10

*Rivas v. Cal. Highway Patrol*,
2015 WL 4040596 (C.D. Cal. July 1, 2015) .......... 10, 11

*Sprint Commc'ns, Inc. v. Jacobs*,
571 U.S. 69 (2013) .......... 10

*Steinmetz v. City of Laguna Beach*,
2022 WL 21781827 (C.D. Cal. Jan. 28, 2022) .......... 7, 8, 9, 10

*Stoddard-Nunez v. City of Hayward*,
2013 WL 6776189 (N.D. Cal. Dec. 23, 2013) .......... 12

*Sturgis v. Brady*,
2009 WL 1227908 (N.D. Cal. Apr. 30, 2009) .......... 5

*Tennessee v. Garner*,
471 U.S. 1 (1985) .......... 6

*United States v. Borneo, Inc.*,
971 F.2d 244 (9th Cir.1992) .......... 3

*Valenzuela v. Santiesteban*,
2021 WL 1845544 (E.D. Cal. Apr. 9, 2021) .......... 5, 8, 9, 11

*Vivas v. Cnty. of Riverside*,
2016 WL 9001020 (C.D. Cal. Jan. 12, 2016) .......... 7

*Wallace v. Kato*,
549 U.S. 384 (2007) .......... 4, 5, 6

*Younger v. Harris*,
401 U.S. 37 (1971) .......... 1, 10

*Yuan v. City of L.A.*,
2010 WL 3632810 (C.D. Cal. Aug. 19, 2010) .......... 7

**Statutes**

CAL. PEN. CODE § 245(d)(1) .......... 6

## I. INTRODUCTION

Defendants bring this motion to stay this action pending resolution of related criminal state-court proceedings against Mr. Sanchez. Both this action and the criminal action arise out of the same May 21, 2021 incident between Mr. Sanchez and Detectives Eric Camacho and Jose Castro (who are defendants in this action). In this action, Mr. Sanchez alleges that Detectives Camacho and Castro shot him without provocation and, thus, used excessive force in violation of the Fourth Amendment. In the criminal action, the State is prosecuting Mr. Sanchez for assaulting Detective Camacho with a gun in violation of California Penal Code § 245(d)(1).

If Mr. Sanchez is convicted in the criminal action, that conviction will bar his claims in this court under *Heck v. Humphrey*, 512 U.S. 477 (1994). Until the resolution of the criminal proceedings, it is unclear whether certain defenses will be available to defendants in this action. There will be no prejudice to Mr. Sanchez from a stay because the criminal action is set for trial setting in January 2025. In contrast, defendants will be prejudiced if a stay is not granted. Mr. Sanchez has already invoked the Fifth Amendment to refuse to answer questions at his deposition. Without a stay, defendants will be prejudiced in their ability to conduct discovery and to prepare this action for trial. Thus, a stay of this action is warranted under *Heck*.

In addition, a stay is also warranted under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), because proceeding with this action would interfere with the ongoing criminal state-court proceedings and the state-court proceedings provide an adequate opportunity for Mr. Sanchez to raise the constitutional claims. For all these reasons, the Court should grant the motion and stay this action.

## II. BACKGROUND

### A. Factual Background

This is a § 1983 action alleging constitutional violations as a result of May 21, 2021 incident involving Mr. Sanchez and Detectives Castro and Camacho from the Baldwin Park Police Department. On the day in question, Detectives Castro and



MANNING | KASS

Camacho were patrolling when they encountered a black Chevy Tahoe with tinted windows stopped at a stop sign. Ex. 1 at 13:8–14:5, 15:11–14, 16:17–17:8.[1] The Tahoe remained at the stop sign without moving for an unusually long time. *Id.* at 17:12–15, 21:5–9, 23:18–22; Ex. 2 at 13:5–9. Detective Camacho shined his flashlight at the Tahoe but it still did not move. Ex. 1 at 18:17–19:1, 19:11–18. After it finally moved, Detectives initiated a traffic stop based on the car's tinted windows and the driver being possibly drunk. *Id.* at 20:25–21:22; Ex. 2 at 13:10–19.

After the car stopped, Detective Camacho approached the car from the passenger side, while Detective Castro approached it from the driver's side. Ex. 1 at 30:7–9; Ex. 2 at 17:16–17. When Detective Camacho was approximately 5 to 6 feet from the rear passenger door, he observed the door opening. Ex. 1 at 30:16–31:3. He told the occupant to stay in the car. *Id.* at 31:23–32:3. Mr. Sanchez, however, got out of the car with a gun in his hand, faced Detective Camacho, and pointed a gun at him. *Id.* at 35:5, 35:22–24, 38:5–11, 39:10–14. In response, Detective Camacho fired 4 shots at Mr. Sanchez, striking him. *Id.* at 34:12–20, 48:15–17.

Detective Castro heard the shots and saw Detective Camacho stumbling backwards. Ex. 2 at 18:7–13, 19:5–11. Detective Castro thereafter fired one shot at Mr. Sanchez as Mr. Sanchez was running away and turning toward Detective Castro. *Id.* at 21:14–16, 22:17–18, 23:18–23, 35:16–22. Detective Castro's shot did not hit Mr. Sanchez. *Id.* at 27:6–9. A firearm was subsequently recovered from a front lawn of the property near the Tahoe. Ex. 1 at 44:3–7; Ex. 2 at 41:21–42:5.

**B. Federal Civil Rights Action**

Mr. Sanchez commenced this action on May 18, 2023, alleging six federal § 1983 claims: (1) unlawful seizure in violation of the Fourth Amendment, (2) excessive use of force in violation of the Fourth Amendment, (3) denial of medical

[1] All "¶ __" references are to Plaintiff's complaint. All "Ex. __" references are to the concurrently-filed Declaration of Yury A. Kolesnikov. Unless otherwise noted, all internal citations and quotation marks are omitted, and all emphasis is added.



MK MANNING | KASS

care, and (4) three *Monell* claims premised on unconstitutional custom, practice, or policy, failure to train, and ratification. Dkt. No. 1. All six claims stem from the actions that took place on May 21, 2021, when Mr. Sanchez was shot following his interaction with Detectives Camacho and Castro. *See id.*

### C. Criminal State-Court Proceedings

On July 26, 2023, criminal charges were filed against Mr. Sanchez stemming from the May 21, 2021 incident. Ex. 5.[2] Mr. Sanchez is charged with one count of willfully and unlawfully committing an assault with a firearm upon Detective Camacho in violation of California Penal Code § 245(d)(1). Ex. 3. Violation of § 245(d)(1) is a serious and violent felony, punishable "by imprisonment in the state prison for four, six, or eight years." *See* CAL. PENAL CODE 245(d)(1).

A preliminary hearing was held on September 5, 2024, during which the court heard oral testimony from witnesses. Ex. 4 at 5. At the hearing, Mr. Sanchez made an oral motion to dismiss. *Id.* The court heard argument on the motion and denied the motion, ***finding sufficient cause to proceed*** as to count 1 of the information. *Id.*

Since the criminal charges were refiled, Mr. Sanchez has waived time on numerous occasions, including on March 15, 2024, May 16, 2024, September 9, 2024, and October 29, 2024. *See* Ex. 4 at 2, 3, 7; Ex. 5 at 3, 5. Most recently, pretrial conference/trial setting hearing was held on October 29, 2024, and, at that time, continued at Mr. Sanchez's request to January 8, 2025. *See* Ex. 5 at 3, 5.

---

[2] Under Federal Rule of Evidence 201(b)(2), the Court can properly take judicial notice of the certified documents from Mr. Sanchez's criminal case (felony information and minute orders) as well as the docket from the criminal state-court action. *See United States v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("Under Federal Rule of Evidence 201, we may take judicial notice of the records of state agencies and other undisputed matters of public record.").



MANNING | KASS

## III. LEGAL STANDARD

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)). This is particularly true when there are concurrent criminal and civil proceedings. Although the Constitution "does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings," the court, nonetheless, "may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

Here, as discussed below, a stay of this action pending the resolution of Mr. Sanchez's related criminal proceedings is warranted under *Heck* and *Younger*.

## IV. ARGUMENT

### A. A Stay Is Warranted Under *Heck*

In *Heck*, the Supreme Court held that when a plaintiff seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In other words, "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

*Heck* also has implications in a situation where, as here, there are concurrent civil and criminal actions but no conviction. In such a situation, the "common practice" is "***to stay the civil action until the criminal case or the likelihood of a criminal case is ended***." *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.");

*see also Heck*, 512 U.S. at 487 n.8 ("if a state criminal defendant brings a federal civil-rights lawsuit ***during the pendency of his criminal trial***, appeal, or state habeas action, ***abstention*** may be an appropriate response to the parallel state-court proceedings"). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394; *see also Sturgis v. Brady*, 2009 WL 1227908, at *1 (N.D. Cal. Apr. 30, 2009) ("Although a plaintiff's damages claims will not be barred under *Heck* if the plaintiff has not yet been convicted, ***the claims should not go forward if such plaintiff's criminal proceedings are still pending***.") (citing *Wallace*, 549 U.S. at 393).

Indeed, the Ninth Circuit has found it to be ***reversible error*** to rule on the merits of a § 1983 plaintiff's claims ***during the pendency of state court criminal proceedings***. *See Peyton v. Burdick*, 358 F. App'x 961, 962 (9th Cir. 2009) ("Because Peyton's claims implicate rulings that are likely to be made in the pending state court criminal proceeding, the district court should have stayed the section 1983 action until the criminal case is ended. Therefore we vacate the judgment and remand for the district court to stay the action until the criminal proceedings are concluded.") (citing *Heck*, 512 U.S. at 486–90, and quoting *Wallace*, 549 U.S. at 393–94).

Here, both this action and the criminal action against Mr. Sanchez arise out of the same May 21, 2021 incident. In this action, Mr. Sanchez alleges that Detective Camacho and Castro used excessive force in shooting him. In the criminal action, Mr. Sanchez is charged with assaulting Detective Camacho with a gun in violation of Penal Code § 245(d)(1). ***Until the resolution of the criminal proceedings, it is unclear whether certain defenses will be available to Defendants in this action.*** *See Valenzuela v. Santiesteban*, 2021 WL 1845544, at *3 (E.D. Cal. Apr. 9, 2021) ("Furthermore, if a stay is not granted the defenses available may be limited. … Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as, a *Heck* bar or issue preclusion.").





MK MANNING | KASS

Crucially, most of the causes of action that Mr. Sanchez is asserting in this action (such as use of excessive force and unreasonable seizure) require him to demonstrate that the detectives acted in an unconstitutional manner. A conviction under Penal Code § 245(d)(1), on the other hand, would mean that the jury had found that Mr. Sanchez "commit[ed] an assault with a firearm" upon Detective Camacho. *See* CAL. PEN. CODE § 245(d)(1). But if that's the case, then Detectives Camacho and Castro would have been justified to use deadly force ***as a matter of law***, thus requiring the dismissal of Mr. Sanchez's claims in this action because any liability on those claims would be inconsistent with and would impugn the conviction.

Specifically, the law is clear that "[w]hen someone points a gun at a law enforcement officer, the Constitution undoubtedly entitles the officer to respond with deadly force." *Estate of Strickland v. Nevada Cnty.*, 69 F.4th 614, 617 (9th Cir. 2023). Similarly, "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is ***not*** constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Thus, ***even when the suspect is fleeing arrest***, an officer's use of deadly force is reasonable if it is "necessary to prevent ... escape and the officer has probable cause to believe that ***the suspect poses a significant threat of death or serious physical injury*** to the officer or others." *Id.* at 3.

Here, if Mr. Sanchez is convicted for violating § 245(d)(1) by assaulting Detective Camacho with a gun, proceeding with his federal claims in this action would be ***inconsistent with***—and would ***impugn***—that conviction in violation of *Heck*. Thus, if Mr. Sanchez is ultimately convicted, *Heck* would require dismissal of these causes of action. *See* 512 U.S. at 486–87; *Wallace*, 549 U.S. at 393–94; *see also Curry v. Baca*, 371 F. App'x 733, 733–34 (9th Cir. 2010) ("[t]he district court correctly concluded that [plaintiff's] § 1983 excessive force claims are barred by [*Heck*]" where he "was convicted by a jury of two counts of assault on a peace officer with a semi-automatic firearm, in violation of California Penal Code § 245(d)(2)");



MANNING | KASS

*Miller v. Whitney*, 2000 WL 1721063, at **1–2 (N.D. Cal. Nov. 7, 2000) (dismissing plaintiff's excessive force claims under *Heck* in light of plaintiff's § 245 conviction).

Given this uncertainty, *Heck* and *Wallace* require that this action be stayed pending the resolution of the criminal state-court proceedings. *See, e.g.*, *Vivas v. Cnty. of Riverside*, 2016 WL 9001020, at **2–3 (C.D. Cal. Jan. 12, 2016) (staying plaintiff's § 1983 excessive force case where criminal prosecution for resisting arrest was pending); *Yuan v. City of L.A.*, 2010 WL 3632810, at **5–6 (C.D. Cal. Aug. 19, 2010) (staying plaintiff's § 1983 action pending resolution of criminal proceedings), *adopted by and objections overruled in* 2010 WL 3632528 (Sept. 10, 2010); *Steinmetz v. City of Laguna Beach*, 2022 WL 21781827, at **3–4 (C.D. Cal. Jan. 28, 2022) (same); *Valenzuela*, 2021 WL 1845544, at *3 (same); *see also Peyton*, 358 F. App'x at 962 (vacating judgment in a § 1983 case where the claims implicated rulings likely to be made in pending state court criminal proceeding and remanding for district court to stay the § 1983 action until pending state court proceedings were concluded); *Harrell v. Lemos*, 292 F. App'x 614, 615 (9th Cir. 2008) (same).

**B. The *Keating* Factors Weigh in Favor of Staying the Action**

A stay of this action is warranted even if the Court considers the factors set forth in *Keating*, 45 F.3d 322. These include "the extent to which the defendant's fifth amendment rights are implicated" as well as the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324–25.

Here, proceeding with this action concurrently with the criminal action implicates Mr. Sanchez's Fifth Amendment rights in such a way as to deprive defendants of their ability to conduct discovery and prejudices their ability to defend



MK MANNING | KASS

this action. The facts and circumstances underlying Mr. Sanchez's criminal prosecution for assault with a gun on Detective Camacho ***substantially overlap*** with the claims raised in the instant action. As a result, Mr. Sanchez has ***already*** invoked the Fifth Amendment to refuse to answer numerous question at his deposition. *See* Declaration of Roslynn Wilfert ("Wilfert Decl.") ¶ 2. Mr. Sanchez's invocation of the Fifth Amendment has already ***impeded*** and ***will continue to impede*** defendants' ability to obtain discovery and to prepare this action for trial. This factor weighs in favor of a stay. *See Valenzuela*, 2021 WL 1845544, at *2 (observing that this factor weighed in favor of a stay because "if Plaintiff invokes his Fifth Amendment rights it may impede Defendants' discovery"); *Steinmetz*, 2022 WL 21781827, at *3 (same).

Next, although Mr. Sanchez may have an interest in proceeding expeditiously with this litigation, there is little prejudice to him from the requested stay at this juncture. Specifically, fact discovery in this case is almost complete (*see* Wilfert Decl. ¶ 2), so there is no likelihood that memories will fade or that crucial documents will be lost, which are the typical concerns when a stay is requested at the beginning of a case. Moreover, "courts have also found that prejudice to Plaintiffs is minimal when there is a pending criminal case involving similar facts and witnesses because it is unlikely evidence will be lost or that memories will fade." *Steinmetz*, 2022 WL 21781827, at *3; *see also Gates v. Sergent*, 2024 WL 2117031, at *3 (E.D. Cal. Apr. 26, 2024) ("Any prejudice to plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost, or memories fade with passage of time."); *Valenzuela*, 2021 WL 1845544, at *2 (same).

Indeed, with regard to any potential prejudice, it is notable that Mr. Sanchez could have exercised his right to a speedy trial in the criminal court proceedings but has repeatedly waived time, including on March 15, 2024, May 16, 2024, September 9, 2024, and October 29, 2024. *See* Ex. 4 at 2, 3, 7; Ex. 5 at 3, 5. Most recently, pretrial conference/trial setting hearing was held on October 29, 2024, and, at that time, continued at Mr. Sanchez's request to January 8, 2025. *See* Ex. 5 at 3, 5.



MK MANNING | KASS

In contrast, the burden on defendants from proceeding to trial in this lawsuit during the pendency of the criminal proceedings is extensive. As discussed above, a conviction in the criminal proceedings will bar all of Mr. Sanchez's § 1983 claims in this lawsuit under *Heck*. This factor weighs heavily in favor of a stay. *See, e.g.*, *Valenzuela*, 2021 WL 1845544, at *3 ("Furthermore, if a stay is not granted the defenses available may be limited. … Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as, a *Heck* bar or issue preclusion."). In addition, because of Mr. Sanchez's decision to invoke his Fifth Amendment rights, defendants will be prejudiced in their ability to obtain the necessary discovery and to prepare this action for trial. *See Steinmetz*, 2022 WL 21781827, at *3 ("The Court agrees with Defendants that if this case proceeds, and [plaintiff] invokes his Fifth Amendment rights it may impede Defendant's discovery. Thus, this factor weighs in favor of granting a stay.").

Similarly, "the public interest weighs in favor of a stay because the public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases." *See Valenzuela*, 2021 WL 1845544, at *2; *accord Steinmetz*, 2022 WL 21781827, at *4; *Gates*, 2024 WL 2117031, at *3.

Finally, "[j]udicial efficiency also favors imposition of a stay because [Mr. Sanchez's] criminal action involves many of the same facts." *See Valenzuela*, 2021 WL 1845544, at *3; *see also Gates*, 2024 WL 2117031, at *3 (same). Indeed, "imposing a stay would prevent two courts from simultaneously examining the same issues and facts, thereby eliminating the risk of inconsistent determinations and promoting judicial economy." *See Steinmetz*, 2022 WL 21781827, at *3. More importantly, if Mr. Sanchez is ultimately convicted of the assault with a gun on Detective Camacho, "many if not all of [his] federal claims will be subject to dismissal" under *Heck*, thus promoting judicial efficiency. *See id.* Simply put, it would be "***an inefficient use of judicial resources*** to decide claims addressing the same set of facts being reviewed in a state court criminal proceeding when the state



MANNING | KASS

court's decision may ultimately bar the claims brought forth here under *Heck*." *See id.* at **3–4; *see also Peyton*, 358 F. App'x at 962 ("Because Peyton's claims implicate rulings that are likely to be made in the pending state court criminal proceeding, the district court should have stayed the section 1983 action until the criminal case is ended.") (quoting *Wallace*, 549 U.S. at 393–94).

### C. A Stay Is Warranted Under the Doctrine of *Younger* Abstention

Absent extraordinary circumstances, federal courts may not interfere with ongoing state court criminal proceedings. *See Younger*, 401 U.S. at 43–54; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Gilbertson v. Albright*, 381 F.3d 965, 969, 975, 978 (9th Cir. 2004) (*en banc*). Abstention is proper regardless of whether the plaintiff seeks declaratory relief, injunctive relief, or damages. *See Gilbertson*, 381 F.3d at 984 (*Younger* abstention applies to actions for damages). Here, even if a stay is not warranted under *Heck* (it is, for the reasons set forth above), the Court should nonetheless issue a stay under *Younger*.

The first prong of the *Younger* abstention test is satisfied so long as the state court criminal proceedings are initiated "before any proceedings of substance on the merits have taken place in the federal court." *See Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *accord Rivas v. Cal. Highway Patrol*, 2015 WL 4040596, at *2 (C.D. Cal. July 1, 2015) ("Under *Younger*, abstention may be required if the state proceedings were initiated before any proceedings of substance on the merits have taken place in the federal court."). Here, the criminal proceedings against Mr. Sanchez are ongoing and a pretrial conference/trial setting hearing is set for January 8, 2025. *See* Ex. 5. In contrast, there have been ***no proceedings of substance*** in this case. Thus, this factor weighs in favor of a stay.



MK MANNING | KASS

With regard to the second prong, "California has an important interest in enforcing its criminal laws and the integrity of its criminal proceedings." *See Escobar v. Doe*, 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (finding *Younger* abstention to be appropriate); *Valenzuela*, 2021 WL 1845544, at *3 ("Plaintiff's criminal case is ongoing and implicates the State of California's important interest in ensuring the integrity of its criminal justice system"); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (enforcement of state court judgments and orders implicates important state interests); *People of the State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("a [State's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty"). Indeed, the Supreme Court "has routinely stressed the importance of a state's interests in state criminal prosecutions." *Rivas*, 2015 WL 4040596, at *3 (collecting cases). Thus, this factor also weighs in favor of a stay.

As to the third prong, "[t]he 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Here, Mr. Sanchez's pending state court criminal proceeding "provides him ample opportunity to raise the constitutional claim[s] he seeks to raise here." *See Escobar*, 2017 WL 7050642, at *2; *accord Valenzuela*, 2021 WL 1845544, at *3 ("Plaintiff may raise constitutional issues in the state proceedings"); *see also Pennzoil*, 481 U.S. at 15 ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"); *Rivas*, 2015 WL 4040596, at *5 (concluding that the plaintiff who "assert[ed] a § 1983 claim alleging that defendants violated his Fourth Amendment rights under the United States Constitution" would "have an opportunity to litigate this constitutional issue in state court during the course of his criminal prosecution").

In sum, because proceeding with Mr. Sanchez's parallel civil excessive force suit in federal court "would amount to interference in the state criminal case," a stay



MANNING | KASS

of these proceedings under *Younger* warranted. *See Escobar*, 2017 WL 7050642, at *2 ("For this court to maintain a parallel case on plaintiff's civil excessive force claim while the related state criminal case is pending would amount to interference in the state criminal case. This is precisely what the *Younger* Abstention Doctrine prohibits federal courts from doing."); *Stoddard-Nunez v. City of Hayward*, 2013 WL 6776189, at *4 (N.D. Cal. Dec. 23, 2013) ("Under these circumstances, any disposition in this civil case prior to the resolution of criminal proceedings may be at odds with the outcome of the criminal proceedings, and thus tantamount to interference with the criminal case.") (staying action in favor of pending criminal proceedings that included an assault with a deadly weapon in violation of Penal Code § 245(d)).

## V. CONCLUSION

For all these reasons, the Court should grant this motion and stay the action pending resolution of Mr. Sanchez's related criminal state-court proceedings. Defendants will provide a report every six months on the status of the criminal case.

DATED: November 13, 2024 Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Yury A. Kolesnikov*
Mildred K. O'Linn
Yury A. Kolesnikov
Roslynn Wilfert

*Attorneys for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro*



MANNING | KASS

**CERTIFICATION PURSUANT TO LOCAL RULE 11-6.2**

The undersigned, counsel of record for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro, certifies that this brief contains 4,237 words, which complies with Civil L.R. 11-6.1.

DATED: November 13, 2024

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Yury A. Kolesnikov*
Mildred K. O'Linn
Yury A. Kolesnikov
Roslynn Wilfert

*Attorneys for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro*

MANNING | KASS