Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Yury A. Kolesnikov (State Bar No. 271173)
  *yury.kolesnikov@manningkass.com*
Roslynn Wilfert (State Bar No. 303024)
  *roslynn.wilfert@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California  90017-3012
Telephone:  (213) 624-6900
Facsimile:   (213) 624-6999

*Attorneys for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL FRANCISCO SANCHEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF BALDWIN PARK, ERIC CAMACHO, JOSE CASTRO, and DOES 1–10, INCLUSIVE,<br><br>            Defendants. | Case No.:  2:23-cv-03807 DMG (MAR)<br><br>**Reply Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Action Pending Resolution of Plaintiff's Related Criminal State-Court Proceedings**<br><br>*Filed concurrently with the Reply Declaration of Yury A. Kolesnikov*<br><br>Judge:         Hon. Dolly M. Gee<br>Courtroom: 8C, 8th Floor<br>Date:           December 13, 2024<br>Time:          9:30 a.m.<br><br>Complaint Filed:  May 18, 2023<br>Trial Date:           April 8, 2025 |

**Table of Contents**

I.   INTRODUCTION ..........................................................................................1

II.  ARGUMENT .................................................................................................3

    A.   A Stay Is Warranted Under *Heck*............................................................3

    B.   The *Keating* Factors Weigh in Favor of Staying the Action ..................5

        1.   *Keating* Requires a Simple Balancing of the Relevant Factors....5

        2.   Plaintiff's Fifth Amendment Rights Are Implicated and Have Precluded Defendants from Obtaining Relevant Discovery ..................................................................................6

        3.   No Prejudice to Plaintiff from a Brief Stay .................................7

        4.   Defendants Will Be Unduly Prejudiced Without a Stay ............10

        5.   Public Interest Weighs in Favor of a Stay .................................11

    C.   A Stay Is Warranted Under the Doctrine of *Younger* Abstention ........13

III. CONCLUSION ............................................................................................14

CERTIFICATION PURSUANT TO LOCAL RULE 11-6.2 .................................16

i

Defendants' Reply Brief in Support of Motion to Stay Action

<60>
<60>
<60>
<60>
<60>
<60>

# Table of Authorities

**Cases**



*Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*,
    490 F.3d 718 (9th Cir. 2007) ................................................................................ 7

*Comm'n on Peace Officer Standards & Training v. Super. Ct.*,
    42 Cal. 4th 278 (2007) ........................................................................................ 11

*Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*,
    196 F.3d 1011 (9th Cir. 1999) ............................................................................ 13

*Escobar v. Doe*,
    2017 WL 7050642 (C.D. Cal. Nov. 30, 2017) ............................................. 13, 14

*ESG Capital Partners LP v. Stratos*,
    22 F. Supp. 3d 1042 (C.D. Cal. 2014) .......................................................7, 8, 9

*Estate of Lopez v. Suhr*,
    2016 WL 1639547 (N.D. Cal. Apr. 26, 2016) ................................................. 5, 6

*Estate of Strickland v. Nevada Cnty.*,
    69 F.4th 614 (9th Cir. 2023) ............................................................................... 11

*Gates v. Sergent*,
    2024 WL 2117031 (E.D. Cal. Apr. 26, 2024) ............................................... 8, 12

*Gonzalez v. Cnty. of Merced*,
    289 F. Supp. 3d 1094 (E.D. Cal. 2017) ............................................................. 12

*Harrell v. Lemos*,
    292 F. App'x 614 (9th Cir. 2008) ......................................................................... 3

*Heck v. Humphrey*,
    512 U.S. 477 (1994) ......................................................................................... 1, 3

*Keating v. Office of Thrift Supervision*,
    45 F.3d 322 (9th Cir. 1995) .............................................................................. 5, 6

*Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*,
    781 F. App'x 666 (9th Cir. 2019) ......................................................................... 5

*Pagtalunan v. Galaza*,
    291 F.3d 639 (9th Cir. 2002) ............................................................................ 7, 8

*Pennzoil Co. v. Texaco, Inc.*,
    481 U.S. 1 (1987) ................................................................................................ 13

*Peyton v. Burdick*,
    358 F. App'x 961 (9th Cir. 2009) ................................................................... 3

*Rivas v. Cal. Franchise Tax. Bd.*,
    619 F. Supp. 2d 994 (E.D. Cal. 2008) ......................................................... 14

*Rivas v. Cal. Highway Patrol*,
    2015 WL 4040596 (C.D. Cal. July 1, 2015) ............................................... 14

*Steinmetz v. City of Laguna Beach*,
    2022 WL 21781827 (C.D. Cal. Jan. 28, 2022) ........................... 4, 6, 8, 12, 13

*Stoddard-Nunez v. City of Hayward*,
    2013 WL 6776189 (N.D. Cal. Dec. 23, 2013) ............................................. 14

*Sturgis v. Brady*,
    2009 WL 1227908 (N.D. Cal. Apr. 30, 2009) ............................................... 3

*Tennessee v. Garner*,
    471 U.S. 1 (1985) ........................................................................................ 11

*Valenzuela v. Santiesteban*,
    2021 WL 1845544 (E.D. Cal. Apr. 9, 2021) ............. 3, 4, 6, 8, 9, 10, 11, 12, 13

*Vivas v. Cnty. of Riverside*,
    2016 WL 9001020 (C.D. Cal. Jan. 12, 2016) ................................................ 4

*Wallace v. Kato*,
    549 U.S. 384 (2007) ...................................................................................... 3

*Waller v. Georgia*,
    467 U.S. 39 (1984) ...................................................................................... 11

*Younger v. Harris*,
    401 U.S. 37 (1971) ........................................................................................ 1

*Yuan v. City of L.A.*,
    2010 WL 3632810 (C.D. Cal. Aug. 19, 2010) .............................................. 4

**Rules**

Civ. L.R. 7-12 ..................................................................................................... 13

## I. INTRODUCTION

Defendants' moving papers exhaustively demonstrate why a stay of this action is warranted under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Younger v. Harris*, 401 U.S. 37 (1971).[1] Until the resolution of the related criminal proceedings against Mr. Sanchez (where Mr. Sanchez is charged with assaulting Detective Camacho with a firearm in violation of California Penal Code § 245(d)(1)), it is unclear whether certain defenses will be available to Defendants in this action, including a motion for summary judgment under *Heck*. There will be no prejudice to Mr. Sanchez from a stay because the criminal action is set for trial setting in January 2025. In contrast, Defendants will be prejudiced if a stay is not granted, including by being required to proceed to trial even though all of Mr. Sanchez's claims may be barred under *Heck* if he is convicted. Accordingly, a stay of this action is warranted under *Heck*.

In addition, under *Younger*, the Court should abstain from adjudicating this case while a related criminal action is pending because doing so would ***unnecessarily interfere*** with the state-court proceedings. Judicial efficiency requires abstention because it would be an ***inefficient use of judicial resources*** to decide claims addressing ***the same set of facts*** being reviewed in a state-court criminal proceeding when the state court's decision may ultimately bar the claims brought forth here under *Heck* and because any disposition in this civil case prior to the resolution of criminal proceedings may be at odds with the outcome of the criminal proceedings.

Plaintiff's opposition largely ignores these arguments. Plaintiff also does not dispute the common set of facts giving rise to this action and the criminal case. Thus, it is undisputed that Detectives Camacho and Castro pulled over the car in which Mr. Sanchez was a passenger and that Mr. Sanchez exited the car with a gun in his hand, following which he was shot. The ***only dispute*** is over whether (1) Mr. Sanchez pointed the gun at Detective Camacho (as Defendants contend in this case and the

---

[1] This reply utilizes all of the defined terms from Defendants' moving papers. All internal citations and quotation marks are omitted, and all emphasis is added.

People contend in the criminal action) *or* (2) Mr. Sanchez simply tried to run away from the detectives while tossing the gun (as Mr. Sanchez contends).  ***But these two versions of the events are mutually exclusive.***  If the jury in the criminal action agrees with the People and finds Mr. Sanchez guilty beyond a reasonable doubt because Mr. Sanchez pointed a gun at Detective Camacho, ***that conclusion would necessarily imply that Detectives Camacho and Castro acted reasonably in shooting Mr. Sanchez in response to his action of pointing a gun at a police officer***.

Indeed, Plaintiff's opposition makes the best argument ***in favor of*** the stay.  Plaintiff argues that whether his claims are *Heck* barred is "a highly fact-intensive inquiry."  Dkt. No. 39 at 7.  According to Plaintiff, even if he is convicted, his claims in this action may not be barred if there are temporal or spatial distinctions between the conduct giving rise to the conviction and the officers' conduct giving rise to the excessive-force claim.  *Id.* at 9–10.  While Defendants disagree as to the effect that Plaintiff's conviction would have on Plaintiff's claims in this action, Defendants agree that whether Plaintiff's claims in this case are *Heck* barred is a highly fact-intensive question that cannot be resolved at this juncture, ***thus warranting a stay!***

Simply put, given the uncertainty as to the defenses that may be available to Defendants if Plaintiff is convicted (including the *Heck* bar and issue preclusion), the Court should grant a brief stay of this action and allow the criminal proceedings to play out.  Contrary to Plaintiff's arguments, proceeding with this action now—including with the January 10, 2025 deadline for filing dispositive motions—would greatly prejudice Defendants by depriving them of the ability to dismiss this entire action under *Heck* and avoid the expense of preparing for trial.  In contrast, the prejudice to Mr. Sanchez from the brief stay is minimal.  Given the concurrent pendency of the criminal proceedings and the fact that the discovery in this case is almost complete, there is ***no risk*** of evidence being lost or witnesses disappearing.

For all these reasons and the reasons set forth in Defendants' motion, the Court should stay this action pending resolution of Mr. Sanchez's criminal action.

## II. ARGUMENT

### A. A Stay Is Warranted Under *Heck*

Plaintiff's opposition glaringly ignores *Heck* as an independent and dispositive basis for staying this action. Plaintiff does not dispute that where there are concurrent civil and criminal proceedings, "it is within the power of the district court, ***and in accord with common practice***, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see also Heck*, 512 U.S. at 487 n.8. Here, it is undisputed that Mr. Sanchez is being criminally prosecuted for his conduct on the night of May 21, 2021, in an action that is set for trial setting on January 8, 2025. *See* Dkt. No. 38-1 at Ex. 5 at 3. Given the pendency of the criminal action and the fact that it will go to trial soon, a brief stay of this action is warranted and would be "in accord with common practice." *See Wallace*, 549 U.S. at 393–94; *see also Sturgis v. Brady*, 2009 WL 1227908, at *1 (N.D. Cal. Apr. 30, 2009) ("Although a plaintiff's damages claims will not be barred under *Heck* if the plaintiff has not yet been convicted, ***the claims should not go forward if such plaintiff's criminal proceedings are still pending***.").

Nor does Plaintiff dispute that the Ninth Circuit has found it to be ***reversible error*** to rule on the merits of a § 1983 plaintiff's claims ***during the pendency of state court criminal proceedings***. *See, e.g.*, *Peyton v. Burdick*, 358 F. App'x 961, 962 (9th Cir. 2009) (vacating judgment in a § 1983 case where the claims implicated rulings likely to be made in pending state court criminal proceeding and remanding for district court to stay the § 1983 action until pending state court proceedings were concluded); *Harrell v. Lemos*, 292 F. App'x 614, 615 (9th Cir. 2008) (same).

Plaintiff also does not dispute that until the resolution of the criminal proceedings, ***it is unclear whether certain defenses (such as the Heck bar or issue preclusion) will be available to Defendants in this action.*** *See Valenzuela v. Santiesteban*, 2021 WL 1845544, at *3 (E.D. Cal. Apr. 9, 2021) ("Furthermore, if a stay is not granted the defenses available may be limited. … Until resolution of the

3

Defendants' Reply Brief in Support of Motion to Stay Action

criminal proceedings, it is unclear whether certain defenses are available, such as, a *Heck* bar or issue preclusion."). Indeed, Plaintiff concedes as much by arguing that whether his claims in this action are *Heck* barred is "**a highly fact-intensive inquiry**" that **cannot** be determined until the jury reaches a verdict in the criminal action and which would depend on the evidence presented in that action (*see* Dkt. No. 39 at 7–10), all of which weighs heavily in favor of granting a brief stay of this action.

Finally, Plaintiff does not—and cannot—dispute that multiple courts in this District and beyond have applied *Heck* and *Wallace* to stay § 1983 actions pending resolution of concurrent criminal proceedings. *See, e.g.*, *Vivas v. Cnty. of Riverside*, 2016 WL 9001020, at **2–3 (C.D. Cal. Jan. 12, 2016) (staying plaintiff's § 1983 excessive force case where criminal prosecution for resisting arrest was pending); *Yuan v. City of L.A.*, 2010 WL 3632810, at **5–6 (C.D. Cal. Aug. 19, 2010) (staying plaintiff's § 1983 action pending resolution of criminal proceedings), *adopted by and objections overruled in* 2010 WL 3632528 (Sept. 10, 2010); *Steinmetz v. City of Laguna Beach*, 2022 WL 21781827, at **3–4 (C.D. Cal. Jan. 28, 2022) (same); *see also Valenzuela*, 2021 WL 1845544, at *3 (same). This Court should do the same and stay this action pending resolution of Plaintiff's criminal case.

Plaintiff's only argument against the straight-forward application of *Heck* and *Wallace* is misdirection. Plaintiff spends pages constructing—and knocking down—a strawman argument of why **a dismissal** under *Heck* is improper. *See* Dkt. No. 39 at 7–10. For example, Plaintiff argues that whether his claims are barred under *Heck* is "a highly fact-intensive inquiry." *Id.* at 7, 11. He notes that he "denies the allegations against him in the criminal case." *Id.* at 7. Next, he argues that even if he is convicted, whether his claims in this action would be barred depends on the "exact conduct" for which he is convicted. *See id.* at 8. And he cites several cases where the courts found no *Heck* bar even after a conviction. *See id.* at 9–10. Although Defendants dispute the effect that Plaintiff's conviction would have on Plaintiff's claims in this action, Defendants **agree** that the inquiry mandated by *Heck* is **highly fact-specific**. That's

4

Defendants' Reply Brief in Support of Motion to Stay Action

why Defendants are *not* moving at this time to dismiss this action under *Heck* and, instead, are merely seeking a brief stay as is required under *Heck* and *Wallace*.

Indeed, the fundamental flaw of Plaintiff's argument is that it focuses entirely on whether Plaintiff's claims should be ***dismissed*** under *Heck* (which Defendants agree is a premature inquiry at this juncture) and not on whether this action should be ***stayed*** (which is the relief requested in Defendants' motion). Plaintiff's opposition completely fails to grapple with the fact that a stay is necessary to preserve Defendants' right to move for summary judgment under *Heck* following any conviction and the ***substantial prejudice*** to Defendants from foregoing this right and expending resources to prepare for a trial even though all of Plaintiff's claims may be barred under *Heck* if he is convicted in the criminal case. For all these reasons, the Court should stay this action pending resolution of the criminal case.

### B. The *Keating* Factors Weigh in Favor of Staying the Action

A brief stay of this action is also warranted even if the Court considers the factors under *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Contrary to Plaintiff's arguments, these factors weigh heavily in favor of a stay.

#### 1. *Keating* Requires a Simple Balancing of the Relevant Factors

To begin with, Plaintiff misstates the applicable burden with regard to seeking a stay under *Keating*. Citing *Estate of Lopez v. Suhr*, 2016 WL 1639547 (N.D. Cal. Apr. 26, 2016), Plaintiff suggest Defendants bear a "heavy burden" to make a "strong showing" that a stay is appropriate. *See* Dkt. No. 39 at 2–3. Not so. *Lopez* concerned the party's burden of seeking ***a stay of discovery*** under Rule 26(c). *See Lopez*, 2016 WL 1639547, at *4 ("A party ***seeking a stay of discovery*** carries the heavy burden of making a strong showing why discovery should be denied."). In contrast, under *Keating*, the Court need only ***balance*** the relevant factors to determine whether a stay is required. *See, e.g.*, *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 781 F. App'x 666 (9th Cir. 2019) ("In considering whether to grant a stay, a district court is required to perform ***a five-factor balancing test***, considering the interests of

the parties, the public, and the court."); *see also Keating*, 45 F.3d at 326 ("In deciding whether to proceed with the hearing, the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor for the ALJ to consider, but it is only one consideration ***to be weighed against others***.").

Accordingly, the Court should apply the simple balancing test required under *Keating* to determine whether a stay is appropriate, not the "heavy burden" analysis applicable to seeking a discovery stay under Rule 26(c) articulated in *Lopez*.[2]

### 2. Plaintiff's Fifth Amendment Rights Are Implicated and Have Precluded Defendants from Obtaining Relevant Discovery

Plaintiff concedes that he has already exercised his Fifth Amendment right against self-incrimination to refuse to answer questions at his deposition. *See* Dkt. No. 39 at 4; *see also* Reply Declaration of Yury A. Kolesnikov ("Kolesnikov Reply Decl."), Ex. 7 (transcript). Thus, this factor weighs in favor of granting a stay. *See, e.g.*, *Valenzuela*, 2021 WL 1845544, at *2 (observing that this factor weighed in favor of a stay because "if Plaintiff invokes his Fifth Amendment rights it may impede Defendants' discovery"); *Steinmetz*, 2022 WL 21781827, at *3 (same).

Arguing the contrary, Plaintiff suggests that much of his deposition was substantive and that Defendants have other remedies to address Plaintiff's invocation of his Fifth Amendment privilege. Not so. First, the transcript reveals that Plaintiff refused to answer numerous substantive and relevant questions on the basis of his Fifth Amendment privilege. *See* Kolesnikov Reply Decl., Ex. 7. Thus, Defendants have already been ***impeded*** and ***will continue to be impeded*** in their ability to obtain discovery and prepare this action for trial. Second, while it is true that Defendants

---

[2] In any event, *Lopez* supports a stay in this action. In *Lopez*, defendants sought a stay of discovery pending the D.A.'s determination whether to criminally charge the involved officers. *See* 2016 WL 1639547, at *2. Thus, unlike in this case, there were ***no criminal proceedings pending***. *See id.* Despite this fact, the court granted the motion and stayed discovery pending the D.A.'s determination whether to bring criminal charges. *See id.* at *6. Here, in contrast, there ***is*** a criminal action pending against Mr. Sanchez, thus weighing heavily in favor of the requested stay.

6
Defendants' Reply Brief in Support of Motion to Stay Action

can seek an adverse inference based on Plaintiff's invocation of his Fifth Amendment privilege, that does not change the fact that this factor weighs in favor of a stay.

### 3. No Prejudice to Plaintiff from a Brief Stay

Defendants do not dispute that Plaintiff has an interest in proceeding expeditiously with this litigation. The relevant question, however, is whether that fact, by itself, outweighs other factors weighing in favor of a stay. It does not.

Arguing the contrary, Plaintiff once again relies on inapposite case law. For example, Plaintiff cites *Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718 (9th Cir. 2007), to suggest that a stay would place him effectively out of court. *See* Dkt. No. 39 at 4. Plaintiff also purports to cite to *Blue Cross* in arguing that '[c]ourts routinely acknowledge the interest plaintiffs have in expeditious litigation, recognizing that stays create a "danger of denying justice by delay." *See id.* at 5 (citing *Blue Cross*, 490 F.3d at 724). ***But the Ninth Circuit made these observations in the context of considering whether it has <u>jurisdiction</u> to review a district court's decision staying an action.*** *See Blue Cross*, 490 F.3d at 723–24. Notably, the Ninth Circuit in *Blue Cross* did ***not*** opine on whether a stay in that action was appropriate. Rather, it reversed and remanded because the district court failed to conduct the necessary five-factor balancing test. *See id.* at 724–25. Thus, *Blue Cross* does not support Plaintiff's argument that he will be unduly prejudiced by the stay.

If anything, *Blue Cross* weighs in favor of staying this action. In reversing and remanding, the court observed that upon remand, "the district court should consider … the distinctions between the defendants that have been indicted and those that have not." *See id.* at 725. Here, criminal proceedings are already pending against Mr. Sanchez and are set for trial setting in January 2025, thus weighing in favor of a stay.

Plaintiff's reliance on *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002), and *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042 (C.D. Cal. 2014), is similarly misplaced. Plaintiff cites *Pagtalunan* for the proposition that he will be prejudiced due to the inherent risk that witnesses' memories will fade and evidence will become

7

Defendants' Reply Brief in Support of Motion to Stay Action

stale. *See* Dkt .No. 39 at 4–5. But that case is inapposite as it concerned the undue delay in the context of affirming the district court's dismissal of a *habeas corpus* petition for failure to prosecute. *See Pagtalunan*, 291 F.3d at 643. In any event, as pointed out in Defendants' motion and unrebutted by Plaintiff, in this case, there is **no risk** that witnesses' memories will fade and evidence will become stale because discovery in this case has been ongoing and is almost complete, and because there is a concurrent criminal action where evidence will be developed and preserved. Under similar circumstances, courts have found that the prejudice to the plaintiff is "minimal when there is a pending criminal case involving similar facts and witnesses because it is unlikely evidence will be lost or that memories will fade." *Steinmetz*, 2022 WL 21781827, at *3; *see also Gates v. Sergent*, 2024 WL 2117031, at *3 (E.D. Cal. Apr. 26, 2024) ("Any prejudice to plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost, or memories fade with passage of time."); *Valenzuela*, 2021 WL 1845544, at *2 (same).

As for *ESG*, it involved a situation unlike the one present here—a request for a stay by defendant who was also the defendant in the criminal action. *See* 22 F. Supp. 3d at 1044. And the only argument in favor of a stay was that continued prosecution of the civil action would jeopardize defendant's Fifth Amendment privilege against self-incrimination. *See id.* ("Stratos argues that a stay is warranted because forcing him to engage in discovery with ESG with jeopardize his Fifth Amendment privilege against self-incrimination."). The court concluded that defendant's Fifth Amendment privilege did not to outweigh the other *Keating* factors. For example, the court found that the stay would prejudice the plaintiff by depriving it of the ability to use discovery to identify additional culpable parties. *See id.* at 1046 ("there is a real possibility that a stay of the civil case would result in ESG learning about additional defendants after the running of a pertinent statute of limitations"). This concern is **not** present here. Discovery is almost complete and there is no suggestion that Plaintiff needs discovery to identify any additional culpable parties. In addition, the only burdens identified by

the defendant in *ESG* were the Fifth Amendment privilege and the need to travel to the Central District for trial. *See id.* at 1046–47. In contrast, here, Defendants will be unduly prejudiced because until the resolution of the criminal proceedings, it is unclear whether they are entitled to certain defenses, including *Heck* bar and issue preclusion. *See, e.g.*, *Valenzuela*, 2021 WL 1845544, at *3 ("Furthermore, if a stay is not granted the defenses available may be limited. … Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as, a *Heck* bar or issue preclusion."). This prejudice did not exist in *ESG*.

Plaintiff's final argument is that Defendants somehow delayed in seeking a stay, given that the criminal charges were refiled in July 2023, but Defendants only now filed the motion to stay. *See* Dkt. No. 39 at 5. This argument lacks merit for three reasons. First, but for Plaintiff's strategic decision to waive his right to a speedy trial, the criminal action would have gone to trial long ago. Specifically, Mr. Sanchez has repeatedly waived time in the criminal action, including on March 15, 2024, May 16, 2024, September 9, 2024, and October 29, 2024. *See* Dkt. No. 38-1 at Ex. 4 at 2, 3, 7; *id.* at Ex. 5 at 3, 5. Most recently, the pretrial conference/trial setting hearing was continued at Mr. Sanchez's request to January 8, 2025. *See id.* at Ex. 5 at 3, 5.

Second, Defendants have acted reasonably in allowing most of discovery to be conducted in this action before seeking a stay, so as to avoid Plaintiff claiming that he would be prejudiced by a stay due to witnesses' memories fading and documents being lost. As discussed above, now that the discovery is almost complete, there will be little, if any, prejudice from briefly staying this action.

Third, and most importantly, Defendants have been requesting that the parties agree to a stay of this action for months. Most recently, the parties have been discussing the stay of this action pending the resolution of the criminal proceedings since July 2024. *See* Dkt. No. 38-1 at Ex. 6. On September 16, 2024, ***Plaintiff's counsel indicated that they were agreeable to a stay of this action*** and would prepare a stipulation for Defendants' approval. *Id.* at Ex. 6 at 7. On October 11, 2024,

Defendants' Reply Brief in Support of Motion to Stay Action

however, Plaintiff's counsel unilaterally reversed their position and indicated that they were no longer agreeable to a stay of this action. *Id.* at Ex. 6 at 1. Thereafter, the parties met and conferred and Defendants promptly filed this motion.

In sum, while Plaintiff does have an interest in proceeding expeditiously with this action, that interest is outweighed by the other *Keating* factors and there will be little, if any, prejudice to Plaintiff from a brief stay given that the discovery in this action is almost complete and, thus, there is no risk of any evidence being lost.

### 4. Defendants Will Be Unduly Prejudiced Without a Stay

The preceding section exhaustively covers why Defendants will be unduly prejudiced if they are required to proceed with this action prior to the resolution of the criminal action. *See infra* Part II.A. As discussed therein, and largely unrebutted by Plaintiff, until the resolution of the criminal proceedings, ***it is unclear whether certain defenses (such as the* Heck *bar or issue preclusion) will be available to Defendants in this action.*** *See, e.g.*, *Valenzuela*, 2021 WL 1845544, at *3 ("Furthermore, if a stay is not granted the defenses available may be limited. … Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as, a *Heck* bar or issue preclusion."). As noted above, Plaintiff largely ignores this argument, focusing instead on the irrelevant question of whether Defendants will be ultimately entitled to a dismissal under *Heck* if Mr. Sanchez is convicted. *See* Dkt. No. 39 at 7–10. Plaintiff's opposition, however, fails to address the primary prejudice to Defendants—foregoing the opportunity to move for summary judgment under *Heck* if Plaintiff is convicted.

Currently, without a stay, Defendants must file any dispositive motion by January 10, 2025. *See* Dkt. No. 37. As both parties agree, until the resolution of the criminal action, Defendants cannot move for a dismissal under *Heck*. Thus, if this action is not stayed, Defendants will be required to forego their right to dismiss this action under *Heck* (at least at this stage) and will need to incur substantial expense in preparing this action for trial even though most of the claims may be *Heck* barred.

The Court should avoid this undue prejudice by briefly staying this action until the criminal proceedings are resolved. *See Valenzuela*, 2021 WL 1845544, at *3.

Finally, contrary to Plaintiff's arguments, a conviction in the related criminal action will ***necessarily*** require a dismissal of Plaintiff's claims in this action. Unlike the cases cited by Plaintiff, here, there is only ***one continuous action***: Mr. Sanchez getting out of the car with a gun pointed at Detective Camacho, which forced Detective Camacho to shoot Plaintiff in reasonable fear for his safety and Detective Castro to shoot (but not hit) Plaintiff in reasonable fear for his own safety and that of Detective Camacho. If Mr. Sanchez is found guilty of this offense beyond a reasonable doubt, that would necessarily demonstrate that Detectives Camacho and Castro were justified in shooting at Plaintiff as he posed a threat of serious bodily injury or death to one or both of them. *See Tennessee v. Garner*, 471 U.S. 1, 3, 11 (1985); *Estate of Strickland v. Nevada Cnty.*, 69 F.4th 614, 617 (9th Cir. 2023). If that's the case, any ruling in Plaintiff's favor on his claims would necessarily impugn the validity of his conviction and, thus, would require dismissal under *Heck*.

As noted above, however, the Court need not make this determination at this juncture. Rather, given the uncertainty due to the pendency of the criminal action, the Court should stay this action to avoid the potential prejudice to Defendants.

### 5.  Public Interest Weighs in Favor of a Stay

Plaintiff cites inapposite cases addressing public interest in civil proceedings, none of which addressed the issue of a stay under circumstances present here. For example, *Waller v. Georgia* concerned "the extent to which a hearing on a motion to suppress evidence may be closed to the public." *See* 467 U.S. 39, 40 (1984). Similarly, *Commission on Peace Officer Standards & Training v. Superior Court* dealt with "the question whether the California Public Records Act … requires the Commission on Peace Officer Standards and Training … to disclose the names, employing departments, and hiring and termination dates of California peace officers included in the Commission's database." *See* 42 Cal. 4th 278, 284 (2007).

11
Defendants' Reply Brief in Support of Motion to Stay Action

As for *Gonzalez v. County of Merced*, that case involved a situation where the defendant moving for a stay was also the defendant in the criminal action. *See* 289 F. Supp. 3d 1094, 1097 (E.D. Cal. 2017). The court initially granted the requested stay. *Id.* Thereafter, plaintiff moved to lift the stay. *Id.* at 1097–98. The court granted that request only in part, lifting the stay only "for any evidence of a non-testimonial nature which does not implicate [the defendant's] Fifth Amendment rights." *See id.* at 1129.

Plaintiff cites *Gonzalez* for the proposition that "the public does have an interest in ensuring that the victim is made whole as rapidly as possible." *See* Dkt. No. 39 at 11 (quoting *Gonzalez*, 289 F. Supp. 3d at 1129). But the court made this statement in the context of finding that the public interest in that case weighed ***against*** lifting the stay. *See Gonzalez*, 289 F. Supp. 3d at 1129 ("While the public does have an interest in ensuring that the victim is made whole as rapidly as possible, the stay in this matter is not expected to last a long time … . Therefore, this factor weighs slightly against lifting the stay fully … ."). Moreover, *Gonzalez* involved a plaintiff who was an innocent victim of the officer's alleged sexual battery and it was the officer who was being prosecuted for the alleged sexual battery. *See id.* at 1106, 1111. Here, in contrast, Plaintiff is the criminal defendant who is being charged with assaulting the officer with a firearm. Thus, the public interest in this case weighs even stronger in favor of a stay than it did in *Gonzalez*. *See also Valenzuela*, 2021 WL 1845544, at *2 ("the public interest weighs in favor of a stay because the public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases"); *Steinmetz*, 2022 WL 21781827, at *4 (same); *Gates*, 2024 WL 2117031, at *3 (same).

Finally, Plaintiff's opposition does not address judicial efficiency of the stay. As noted in Defendants' motion, "[j]udicial efficiency also favors imposition of a stay because [Mr. Sanchez's] criminal action involves many of the same facts." *See Valenzuela*, 2021 WL 1845544, at *3; *Gates*, 2024 WL 2117031, at *3 (same). Indeed, "imposing a stay would prevent two courts from simultaneously examining the same issues and facts, thereby eliminating the risk of inconsistent determinations

and promoting judicial economy." *See Steinmetz*, 2022 WL 21781827, at *3.

\* \* \*

In sum, *Keating* factors weigh heavily in favor of staying this action.

### C. A Stay Is Warranted Under the Doctrine of *Younger* Abstention

Just as he does with *Heck*, Plaintiff ignores the *Younger* abstention as a separate and independent basis for staying this action. Instead, Plaintiff only briefly addresses *Younger* as part of the *Keating* analysis. *See* Dkt. No. 39 at 11–13. The Court can deem this argument waived and grant the motion on this basis. *See* Civ. L.R. 7-12.

Even if the Court considers Plaintiff's opposition to abstention under *Younger* on the merits, Plaintiff fails to demonstrate that it is not warranted. Notably, Plaintiff concedes that the first two prongs of the *Younger* analysis are satisfied in this case. *See* Dkt. No. 39 at 12 ("The first two elements are not in dispute."). Plaintiff's only argument is that he "lacks an adequate opportunity to raise his civil claims against defendants in the state criminal proceedings." *See id.* Not so.

The law is clear that "[t]he 'adequate opportunity' prong of *Younger* ... requires only **the absence of 'procedural bars'** to raising a federal claim in the state proceedings." *See Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). To that end, the U.S. Supreme Court has instructed that "a federal court should assume that state procedures **will afford an adequate remedy**, in the absence of **unambiguous authority** to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Here, Plaintiff has not even come close to presenting "unambiguous authority" demonstrating that he would be absolutely precluded from raising the constitutionality of Defendants' use of force in the criminal action. As a result, the Court must presume that the state-court proceedings will afford Plaintiff "ample opportunity to raise the constitutional claim[s] he seeks to raise here." *See Escobar v. Doe*, 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017); *see also Valenzuela*, 2021 WL 1845544, at *3 ("Plaintiff may raise constitutional issues in the state proceedings"); *Rivas v. Cal. Highway Patrol*, 2015 WL 4040596, at *5 (C.D.

13
Defendants' Reply Brief in Support of Motion to Stay Action

Cal. July 1, 2015) (concluding that the plaintiff who "assert[ed] a § 1983 claim alleging that defendants violated his Fourth Amendment rights under the United States Constitution" would "have an opportunity to litigate this constitutional issue in state court during the course of his criminal prosecution").[3]

Finally, Plaintiff does not dispute that proceeding with this action would amount to an interference with the state-court criminal proceedings, requiring abstention under *Younger*. *See Escobar*, 2017 WL 7050642, at *2 ("For this court to maintain a parallel case on plaintiff's civil excessive force claim while the related state criminal case is pending would amount to interference in the state criminal case. This is precisely what the *Younger* Abstention Doctrine prohibits federal courts from doing."); *Stoddard-Nunez v. City of Hayward*, 2013 WL 6776189, at *4 (N.D. Cal. Dec. 23, 2013) ("Under these circumstances, any disposition in this civil case prior to the resolution of criminal proceedings may be at odds with the outcome of the criminal proceedings, and thus tantamount to interference with the criminal case.") (staying action in favor of pending criminal proceedings that included an assault with a deadly weapon in violation of Penal Code § 245(d)).

## III. CONCLUSION

For all these reasons, and the reasons set forth in Defendants' moving papers, the Court should grant Defendants' motion to stay and stay this action pending resolution of Mr. Sanchez's related criminal state-court proceedings. A stay and/or abstention in favor of the criminal action is appropriate under both *Heck* and *Younger*, as well as under the five-factor balancing test set forth in *Keating*.

---

[3] Arguing the contrary, Plaintiff cites a single case from the Ninth Circuit, *Rivas v. Cal. Franchise Tax. Bd.*, 619 F. Supp. 2d 994 (E.D. Cal. 2008). *See* Dkt. No. 39 at 12. In *Rivas*, the court found the third prong under *Younger* to not be satisfied because the criminal proceedings concerned **tax evasion**, which had **no relation** to plaintiff's excessive-force claims in the civil action. *See* 619 F. Supp. 2d at 997, 1006 (observing that the plaintiff was not charged with "any related offense" in the criminal action). Here, in contrast, Plaintiff *is* charged with a related offense—assaulting Detective Camacho with a gun in violation of Penal Code § 245(d)(1).

| | | |
|---|---|---|
| 1 | DATED:  November 29, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | **MANNING & KASS**<br>**ELLROD, RAMIREZ, TRESTER LLP** |
| 4 | | By:  <u>     /s/ Yury A. Kolesnikov     </u> |
| 5 | | Mildred K. O'Linn |
| 6 | | Yury A. Kolesnikov<br>Roslynn Wilfert |
| 7 | | |
| 8 | | *Attorneys for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro* |

15

Defendants' Reply Brief in Support of Motion to Stay Action

## CERTIFICATION PURSUANT TO LOCAL RULE 11-6.2

The undersigned, counsel of record for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro, certifies that this brief contains 5,300 words, which complies with Civil L.R. 11-6.1 and the Court's initial standing order.

DATED: November 29, 2024       Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Yury A. Kolesnikov*
Mildred K. O'Linn
Yury A. Kolesnikov
Roslynn Wilfert

*Attorneys for Defendants City of Baldwin Park, Eric Camacho, and Jose Castro*