UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3807-DMG (MARx) | Date | December 12, 2024 |
| Title | *Angel Francisco Sanchez v. City of Baldwin Park, et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **IN CHAMBERS—ORDER RE DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO, AND JOSE CASTRO'S MOTION TO STAY [38]**

The matter before the Court is Defendants City of Baldwin Park, Eric Camacho, and Jose Castro's motion to stay ("MTS") this action pending resolution of Plaintiff Angel Francisco Sanchez's state-court criminal proceedings in *People v. Sanchez*, Case No. KA133424 (Cal. Super. Ct., Cnty. Of Los Angeles).  [Doc. # 38.]  The motion is fully briefed.  [Doc. ## 39 ("Opp."), 40 ("Reply").]

For the reasons set forth below, Defendants' MTS is **GRANTED**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Sanchez filed his Complaint on May 18, 2023, and brought the following claims under 42 U.S.C. section 1983:  (1) unreasonable search and seizure–unlawful detention and arrest; (2) unreasonable search and seizure–excessive force; (3) unreasonable search and seizure–denial of medical care; (4) municipal liability–unconstitutional custom or policy; (5) municipal liability–failure to train; and (6) municipal liability for ratification.  Compl. at 1.[1]

Sanchez alleges, in relevant part, that on May 21, 2021, Sanchez was a passenger in a vehicle when the vehicle was pulled over by Defendants Baldwin Park Police Officers Castro and Camacho.  Compl. at ¶¶ 15, 16, 17.  After the vehicle stopped, Camacho approached it with his firearm drawn, then Sanchez exited the vehicle, ran up the sidewalk away from Camacho, and tossed a firearm over the fence of a house.  Compl. at ¶ 19; Opp. at 5.  Camacho and Castro both discharged their firearms at Sanchez.  Compl. at ¶ 21.  Defendants contend here, and the People contend in the criminal action, that Sanchez pointed his firearm at Camacho before

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3807-DMG (MARx) | Date | December 12, 2024 |
| Title | Angel Francisco Sanchez v. City of Baldwin Park, et al. | Page | 2 of 7 |

Camacho and Castro shot him. Reply at 5–6. Sanchez maintains that he did not point the firearm at anyone at any time. Opp. at 5.

Sanchez was initially charged at an unspecified time following the incident with Assault with a Deadly Weapon on a Peace Officer. Opp. at 6. This charge was dismissed. *Id.* After this Complaint was filed, criminal charges were filed on July 27, 2023 against Sanchez for Assault with Firearm Upon a Peace Officer or Firefighter in violation of California Penal Code section 245(d)(1). Opp. at 6; Decl. of Yury A. Kolesnikov ("Kolesnikov Decl."), Ex. 5 [Doc. # 38-1 at 66.]; Kolesnikov Decl., Ex. 3 [Doc. # 38-1 at 52].[2] As of the date of this Order, there is a "Pretrial Conference/Trial Setting" scheduled for January 8, 2025. Kolesnikov Decl., Ex. 5 [Doc. # 38-1 at 68].

## II.
## LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). For this reason, a district court has discretion to stay proceedings pending before it. The Supreme Court has emphasized that "[a] stay is not a matter of right, even if irreparable injury might otherwise result" but "is instead an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009).

Where there are parallel civil and criminal proceedings, the "Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989)). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable." *Id.* (alterations in original) (quoting *Sec. & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert denied*, 449 U.S. 993 (1980)). "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (citing *Dresser Indus.*, 628 F.2d at 1375) (internal punctuation and quotations removed).

---

[2] The Court **GRANTS** Defendants' request for judicial notice of the certified documents and docket from *People v. Sanchez*, Case No. KA133424 (Cal. Super. Ct., Cnty. Of Los Angeles). MTS at 9 n.2. These are public records. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015). Sanchez does not object and refers to the same docket. *See* Opp. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3807-DMG (MARx) | Date | December 12, 2024 |
| Title | *Angel Francisco Sanchez v. City of Baldwin Park, et al.* | Page | 3 of 7 |

The district court should make its decision on whether to stay the civil proceedings "in light of the particular circumstances and competing interests involved in the case." *Id.* (citing *Molinaro*, 889 F.2d at 902). The district court considers the "significant factor" of "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324, 326 (citing *Molinaro*, 889 F.2d at 902). The district court "generally" considers the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34.

**III.**
**DISCUSSION**

**A.      Fifth Amendment Implications**

Defendants here argue that under *Keating*, the concurrent criminal action "implicates Mr. Sanchez's Fifth Amendment rights in such a way as to deprive defendants of their ability to conduct discovery and prejudices their ability to defend this action." MTS at 13. Defendants point to portions of Sanchez's deposition in which he refuses to answer select questions on the basis that they implicate his Fifth Amendment privilege. MTS at 14; *see, e.g.,* Decl. of Yury A. Kolesnikov ISO Reply ("Kolesnikov Decl. ISO Reply"), Ex. 7 [Doc. # 40-1 at 21, 22, 23, 26, 27]. Defendants misconstrue the impact of the criminal defendant's Fifth Amendment rights under *Keating*.

Motions to stay civil proceedings pending parallel criminal actions are typically brought by the civil *plaintiff* in anticipation or consideration of a parallel criminal action against that plaintiff. *See Keating*, 45 F.3d 322 (where Keating moved to stay his civil proceeding until the conclusion of the criminal proceeding against him); *Molinaro*, 889 F.2d 899 (same for the plaintiff and criminal defendant Molinaro). In *Molinaro*, the Ninth Circuit ruled that "a court should consider the extent to which the defendant's fifth amendment rights are implicated." 889 F.2d at 902 (citing *Dresser Indus.*, 628 F.2d at 1375–76). In *Dresser Indus.*, which the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3807-DMG (MARx) | Date | December 12, 2024 |
| Title | *Angel Francisco Sanchez v. City of Baldwin Park, et al.* | Page | 4 of 7 |

Circuit in *Molinaro* cited for this proposition, the D.C. Circuit stated "the strongest case for deferring civil proceedings until after completion of criminal proceedings is *where a party under indictment for a serious offense* is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination." 628 F.2d at 1376 (emphasis added).

Where, as here, the civil defendants are the parties moving for a stay and the plaintiff, who is the criminal defendant in the parallel criminal proceeding opposes the stay, the inquiry does not shift to how the criminal defendant's invocation of his Fifth Amendment rights prejudices the civil *defendants*. Such a shift would be an incorrect and overbroad reading of *Keating* and *Molinaro* and would depart from the purpose of the factor—to guard against threats to the criminal defendant's Fifth Amendment privilege against self-incrimination. *See Dresser Indus.*, 628 F.2d at 1376.

The Court will separately consider the potential burden of these proceedings on Defendants, including their ability to conduct discovery and defend in this civil action, under the second general *Keating* factor.

**B.     Five *Keating* Factors**

1.     Interest of Plaintiff and Potential Prejudice to Plaintiff

Sanchez has a strong interest in proceeding expeditiously with his case. "[L]engthy and indefinite stays place a plaintiff effectively out of court. *Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 723, 724 (9th Cir. 2007). "[E]ven if litigation may eventually resume, such stays create a danger of denying justice by delay," because "delay inherently increase the risk that witnesses' memories will fade and evidence will become stale." *Id.* Indeed, the alleged incident in this case occurred in May of 2021, and the criminal charges in the parallel criminal proceeding were brought over two years later—and after the initial charge was already dismissed.

Defendants contend there would be little prejudice to Sanchez since fact discovery is "almost" complete and the pending criminal case involves similar witnesses, so there is "no likelihood that memories will fade or that crucial documents will be lost." MTS at 14. Furthermore, in Sanchez's criminal proceeding, he has repeatedly waived time from March 2024 to the most recent "pretrial conference/trial setting hearing" on October 29, 2024, in which he continued the hearing to its current January 2025 date. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3807-DMG (MARx) | Date | December 12, 2024 |
|---|---|---|---|
| Title | *Angel Francisco Sanchez v. City of Baldwin Park, et al.* | Page | 5 of 7 |

The Court agrees with Defendants that the near completion of fact discovery and overlapping witnesses results in a low likelihood that memories will fade or crucial documents will be lost. The Court declines, however, to use Sanchez's decisions on his right to a speedy trial in his criminal proceeding as a reason to find a lack of prejudice for a delay in this civil proceeding. Furthermore, it has been nearly seven months since Sanchez brought this case in May 2024 and if a criminal trial date is not yet set in January 2025, staying the case until completion of Sanchez's criminal trial could place Sanchez effectively out of court for an indefinite time.

2.  Burden on Defendants

The burden the simultaneous proceedings would impose on Defendants is potentially heavy. As Defendants point out, the current motion cut-off filing deadline is January 10, 2025. [Doc. # 37.] If Sanchez is convicted in the criminal proceedings, it would at minimum bring into question whether the *Heck* bar applies to Sanchez's section 1983 claim such that it would be the subject of a summary judgment motion. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); MTS at 10–12.

The *Heck* bar is not automatic. Under *Heck*, the district court must consider "whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence." 512 U.S. at 487 (emphasis added). If the conviction and the excessive force claims here are based on different actions during one continuous transaction, the criminal conviction may not bar the section 1983 claim. *Compare Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding plaintiff's section 1983 claims are not barred by *Heck*) *with Curry v. Baca*, 371 F. App'x 733, 734 (9th Cir. 2010) (finding plaintiff's section 1983 claims are barred by *Heck* following a conviction in violation of California Penal Code section 245(d)(2)).

The Court need not consider at this time whether a conviction under California Penal Code section 245(d)(1) "necessarily" requires dismissal under the circumstances of this case, but under *Keating*[3] the relinquishment of a colorable *Heck* bar defense would indeed prejudice Defendants. Opp. at 15.

---

[3] Defendants argue separate from *Keating* that *Heck* and *Wallace* "require that the action be stayed pending the resolution of the criminal state-court proceedings." MTS at 13. The Court notes that although the *dicta* in *Heck* and *Wallace* are informative, they do not mandate a stay of the case. *See Heck*, 512 U.S. at 487 n.8 ("For example, if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."); *Wallace*, 549 U.S. at 393–394 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3807-DMG (MARx) | Date | December 12, 2024 |
|---|---|---|---|
| Title | *Angel Francisco Sanchez v. City of Baldwin Park, et al.* | Page | 6 of 7 |

As for Defendants' claims that Sanchez's assertions of his Fifth Amendment rights impede their ability to conduct discovery and defend this action, upon review of the deposition transcripts, Sanchez appears only to assert his Fifth Amendment right in response to questions regarding alleged gang associations, illicit drug use, and past criminal convictions and arrests. Opp. at 8; *see, e.g.*, Ex. 7 at 26. Defendants do not explain, nor is it apparent in Sanchez's Complaint or the Defendants' Answer [Doc. # 22], how these topics are relevant or at issue in Sanchez's civil or criminal case. Sanchez otherwise responds to questions that concern the allegations at issue. Ex. 7 at 88–94.[4] The Court can only speculate as to the relevance of these questions and therefore does not find that Sanchez's invocation of the Fifth Amendment placed any discovery burden upon Defendants under *Keating*.

    3.    <u>The Court's Case Management and Judicial Resources</u>

This factor typically weighs against granting a stay as the court "ha[s] an interest in clearing its docket." *Molinaro*, 889 F.2d at 903. It would be inefficient, however, to proceed with the case where a conviction in the parallel criminal proceedings potentially could bar the case here under *Heck*.

    4.    <u>Interests of Non-Parties</u>

Neither party has identified any non-parties with interests in the outcome of the civil or criminal case.

---

district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

Defendants further argue it is reversible error for the Court to rule on the merits of a section 1983 claim during the pendency of state court criminal proceedings. MTS at 11 (citing *Peyton v. Burdick*, 358 F. App'x 961, 962 (9th Cir. 2009) (reversing the district court's summary judgment order issued before the pending state court criminal proceeding was resolved))). The Court does not intend to rule on the merits at this time.

[4] For example, Sanchez answers the following question, which goes to the main issue in dispute:

"Q: And when you were running, were you running the whole time with the gun pointed down at the ground?
A: Yeah. I had it pointed down to the ground, and it was -- I was trying to hide it, like, so nobody could see, like, in my right -- I had it in my right hand on my right thigh, like, in front of it." Ex. 7 at 90–91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3807-DMG (MARx) | Date | December 12, 2024 |
|---|---|---|---|
| Title | Angel Francisco Sanchez v. City of Baldwin Park, et al. | Page | 7 of 7 |

5. <u>Interest of the Public</u>

There is a valid public interest in civil litigation concerning allegations of police misconduct to proceed, rather than being kept out of court for an indefinite time, "in order for law enforcement to be subject to democratic accountability." *Cf. generally Penny v. City of Los Angeles*, No. CV 20-7211-DMG (MAAx), 2022 WL 22855503, at *2 (C.D. Cal. Mar. 21, 2022) (finding a strong public interest in access in a motion to seal). Prosecution of a civil action without delay would serve the interest of the public in seeing the speedy resolution of a plaintiff's civil claim. *Lucia Morejon, et al. v. Jeffrey A. Meyer, et al.*, No. CV 15-6442-DMG (PLAx) (C.D. Cal. Apr. 21, 2016).

## IV.
## CONCLUSION

On balance, in consideration of the *Keating* factors and given that the trial setting hearing is next month, the Court concludes that the *Keating* factors weigh in favor of a brief stay of this action. Accordingly, Defendants' MTS is **GRANTED** and all pretrial and trial dates in this case are **STAYED** pending the completion of the criminal trial in state court.[5] If a trial date is not set at the "Pretrial Conference/Trial Setting" January 2025 conference, the Court may revisit this order granting a stay. The December 13, 2024 hearing on this matter is **VACATED**. Defendants shall file a report on the status of the criminal proceeding within one week of the January 8, 2025 criminal trial setting hearing and every **60 days** thereafter until further order of this Court.

**IT IS SO ORDERED.**

---

[5] Since the Court finds a stay is warranted under *Keating*, it need not reach the question of whether abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). *See* MTS at 2, 7, 16–18.