Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
  *robert.murphy@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF
BALDWIN PARK, ERIC CAMACHO
and JOSE CASTRO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANGEL FRANCISCO SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BALDWIN PARK; ERIC CAMACHO; JOSE CASTRO; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. 2:23-cv-03807-DMG-MAR<br>District Judge: Dolly M Gee;<br>Magistrate Judge: Margo A. Rocconi<br><br>**DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO, AND JOSE CASTROS' SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Filed Date: 05/18/23<br>Trial Date: n/a |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants City of Baldwin Park; Eric Camacho; and Jose Castro ("Defendants") submit this Second Amended Answer the Complaint of Plaintiff ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

Defendants hereby submit their Second Amended Answer Plaintiff's Complaint for Damages (Filed May 18, 2023, hereinafter referred to as the "Complaint") and Defendants hereby admit, deny and allege as follows:

1.    Answering the introduction and Paragraph 1 of the Complaint, under

the header "Introduction" Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

2. Answering Paragraph 2 of the Complaint, under the header "Jurisdiction and Venue", Defendants admit the Court has jurisdiction over this matter.

3. Answering Paragraph 3 of the Complaint, under the header "Jurisdiction and Venue", Defendants admit that venue is proper.

4. Answering Paragraph 4 of the Complaint, under the header "Parties", Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

5. Answering Paragraph 5 of the Complaint, under the header "Parties" Defendants admit the City of Baldwin Park ("City") is a duly organized public entity within the County of Los Angeles, and within the State of California. Further, Defendants admit that Defendant Officers ERIC CAMACHO and JOSE CASTRO were employees of the City.

6. Answering Paragraph 6 of the Complaint, under the header "Parties, Defendants admit the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, under the header "Parties, Defendants admit the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, under the header "Parties", Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation

contained therein – and Defendants deny all liability and/or wrongdoing.

9.      Answering Paragraph 9 of the Complaint, under the header "Parties", Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

10.     Answering Paragraph 10 of the Complaint, under the header "Parties", Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

11.     Answering Paragraph 11 of the Complaint, under the header "Parties", Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

12.     Answering Paragraph 12 of the Complaint, under the header "Parties", Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

13.     Answering Paragraph 13 of the Complaint, under the header "Parties", Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

14.     Answering Paragraph 14 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants do not have sufficient knowledge, or

3

MANNING | KASS

information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

15. Answering Paragraph 15 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

16. Answering Paragraph 16 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

17. Answering Paragraph 17 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

18. Answering Paragraph 18 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

19. Answering Paragraph 19 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each

and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

20. Answering Paragraph 20 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

21. Answering Paragraph 21 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

22. Answering Paragraph 22 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

23. Answering Paragraph 23 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

24. Answering Paragraph 24 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

25. Answering Paragraph 25 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS'
SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

26.    Answering Paragraph 26 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

27.    Answering Paragraph 27 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

28.    Answering Paragraph 28 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

29.    Answering Paragraph 29 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

30.    Answering Paragraph 30 of the Complaint under the header "Facts Common to All Claims for Relief" Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

31.    Answering Paragraph 31 of the Complaint under the header "First Claim for Relief," Defendants repeat, reiterate, and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in Paragraphs 1 through 30 inclusive, of the Complaint.

32.    Answering paragraph 32 of the Complaint under the header "First Claim for Relief," Defendants admit that Defendant Officers Camacho and Castro

6

MANNING | KASS

were acting under color of state law.

33. Answering Paragraph 33 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

34. Answering Paragraph 34 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

35. Answering Paragraph 35 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

36. Answering Paragraph 36 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

37. Answering Paragraph 37 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

38. Answering Paragraph 38 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

39. Answering Paragraph 39 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

40. Answering Paragraph 40 of the Complaint under the header "First Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

41. Answering Paragraph 41 of the Complaint under the header "Second Claim for Relief," Defendants repeat, reiterate, and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every

7

allegation contained in Paragraphs 1 through 40 inclusive, of the Complaint.

42. Answering paragraph 42 of the Complaint under the header "Second Claim for Relief," Defendants admit that Defendant Officers Camacho and Castro were acting under color of state law.

43. Answering Paragraph 43 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

44. Answering Paragraph 44 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

45. Answering Paragraph 45 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

46. Answering Paragraph 46 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

47. Answering Paragraph 47 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

48. Answering Paragraph 48 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

49. Answering Paragraph 49 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

50. Answering Paragraph 50 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS'
SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

51.     Answering Paragraph 51 of the Complaint under the header "Second Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

52.     Answering Paragraph 52 of the Complaint under the header "Third Claim for Relief," Defendants repeat, reiterate, and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in Paragraphs 1 through 51 inclusive, of the Complaint.

53.     Answering paragraph 53 of the Complaint under the header "Third Claim for Relief," Defendants admit that Defendant Officers Camacho and Castro were acting under color of state law.

54.     Answering Paragraph 54 of the Complaint under the header "Third Claim for Relief," Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing..

55.     Answering Paragraph 55 of the Complaint under the header "Third Claim for Relief," Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendants deny all liability and/or wrongdoing.

56.     Answering Paragraph 56 of the Complaint under the header "Third Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

57.     Answering Paragraph 57 of the Complaint under the header "Third Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

9

DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS'
SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

58. Answering Paragraph 58 of the Complaint under the header "Third Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

59. Answering Paragraph 59 of the Complaint under the header "Third Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

60. Answering Paragraph 60 of the Complaint under the header "Third Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

61. Answering Paragraph 61 of the Complaint under the header "Third Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

62. Answering Paragraph 62 of the Complaint under the header "Third Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

63. Answering Paragraph 63 of the Complaint under the header "Fourth Claim for Relief," Defendants repeat, reiterate, and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in Paragraphs 1 through 62 inclusive, of the Complaint.

64. Answering paragraph 64 of the Complaint under the header "Fourth Claim for Relief," Defendants admit that Defendant Officers Camacho and Castro were acting under color of state law.

65. Answering Paragraph 65 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

66. Answering Paragraph 66 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

10

67. Answering Paragraph 67 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

68. Answering Paragraph 68 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

69. Answering Paragraph 69 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

70. Answering Paragraph 70 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

71. Answering Paragraph 71 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

72. Answering Paragraph 72 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

73. Answering Paragraph 73 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

74. Answering Paragraph 74 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

75. Answering Paragraph 65 of the Complaint under the header "Fourth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

76. Answering Paragraph 76 of the Complaint under the header "Fifth

11

DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS' SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

Claim for Relief," Defendants repeat, reiterate, and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in Paragraphs 1 through 75 inclusive, of the Complaint.

77. Answering paragraph 77 of the Complaint under the header "Fifth Claim for Relief," Defendants admit that Defendant Officers Camacho and Castro were acting under color of state law.

78. Answering Paragraph 78 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

79. Answering Paragraph 79 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

80. Answering Paragraph 80 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

81. Answering Paragraph 81 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

82. Answering Paragraph 82 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

83. Answering Paragraph 83 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

84. Answering Paragraph 84 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

85. Answering Paragraph 85 of the Complaint under the header "Fifth

DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS'
SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

86. Answering Paragraph 86 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

87. Answering Paragraph 87 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

88. Answering Paragraph 88 of the Complaint under the header "Fifth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

89. Answering Paragraph 89 of the Complaint under the header "Sixth Claim for Relief," Defendants repeat, reiterate, and re-allege all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in Paragraphs 1 through 88 inclusive, of the Complaint.

90. Answering paragraph 90 of the Complaint under the header "Sixth Claim for Relief," Defendants admit that Defendant Officers Camacho and Castro were acting under color of state law.

91. Answering Paragraph 91 of the Complaint under the header "Sixth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

92. Answering Paragraph 92 of the Complaint under the header "Sixth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

93. Answering Paragraph 93 of the Complaint under the header "Sixth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

94. Answering Paragraph 94 of the Complaint under the header "Sixth

13

Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

95.     Answering Paragraph 95 of the Complaint under the header "Sixth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

96.     Answering Paragraph 96 of the Complaint under the header "Sixth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

97.     Answering Paragraph 97 of the Complaint under the header "Sixth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

98.     Answering Paragraph 91 of the Complaint under the header "Sixth Claim for Relief," Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendants allege as follows[1]:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1.     Plaintiffs' Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted.

2.     Plaintiffs' Complaint also fails to state a claim against any Defendant in this action.

3.     Plaintiffs' claims are potentially time-barred by the operative statute(s) of limitations (including, but not limited to, California Code of Civil Procedure § 335.1).

---

[1] For purposes of the affirmative defenses, affirmative defenses that reference "plaintiffs" shall also be construed to apply, wherever feasible, to plaintiffs' decedent.

**DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS' SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

## SECOND AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

4. This action is barred by the plaintiffs' failure to fully comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

5. The Complaint is barred based on plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

6. Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

7. Plaintiffs' recovery is barred because the causes of action stated in the Complaint do not correspond with the legal claims asserted in plaintiffs' written claim. The Complaint thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

8. Defendants allege that plaintiffs' actions are barred by reason of conduct, actions and inactions of plaintiffs which amount to and constitute a waiver of any right plaintiffs may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9. Plaintiffs' claims are barred or limited to the extent plaintiffs failed to mitigate plaintiffs' injuries or damages, if there were any. Plaintiffs have failed to mitigate the damages, if any, which plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other

15

things, plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

10.     Plaintiffs' claims are barred or limited by plaintiffs' and/or decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiff and/or the decedent suffered any injury or damages, it was the result of plaintiffs' and/or decedent's own negligent or deliberate actions or omissions.

11.     Plaintiffs' recovery is barred because any injury or damage suffered by plaintiffs was caused solely by reason of the plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties.  The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendants on account of such conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Others' Torts)

12.     Plaintiffs' recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

13.     The answering Defendants are informed and believe and thereon allege that if plaintiffs sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering Defendants.  To the extent that plaintiffs' damages were so caused, any recovery by plaintiffs as against the answering Defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

16

DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS'
SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## SEVENTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Discretionary Acts)

14.   There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq.*

15.   Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

16.   A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, the answering defendants are immune from liability for any injuries claimed by plaintiffs, herein.

17.   Defendant(s) is/are immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiffs complain pursuant to Government Code § 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq.*, including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

18.   To the extent that the Complaint attempts to predicate liability upon any public entity defendant or any employee thereof for purported negligence in retention,

17

MANNING | KASS

hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to plaintiffs; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint.  *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

19.    Defendants may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate.  Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

20.    Defendant City and its agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendants therefore assert the individual defendant's Qualified Immunity from liability to the fullest extent applicable.

21.    Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that his acts and conduct were appropriate.  Defendants are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established

18

rights.  Defendants are also immune from liability under the doctrine of Qualified Immunity.

22.    At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

23.    At the time and place referred to in the Complaint, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

24.    Defendants contend that as asserted in this action, in plaintiffs' individual capacities, plaintiffs lack standing to commence any wrongful death claims within the meaning of California Code of Civil Procedure § 377.60, et seq., including but not limited to §§ 377.60 and 377.61, to the extent applicable to decedent's alleged wrongful death.  Plaintiffs have not pleaded any facts sufficient or tending to establish that plaintiffs are decedent's heirs and/or personal representative as required by California law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bar to Punitive Damages)

25.    As a separate and twelfth affirmative defense to the SAC, and to the purported causes of action set forth therein, Defendants allege Plaintiffs may not recover punitive damages against a governmental entity, or against governmental

**DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS'
SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

employees acting in their official capacity, under federal or state law.  Cal. Govt. Code § 818; *City of Newport v. Fact Concerts, Inc*. 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

26.     At no time and place mentioned in the Complaint, did Defendant(s) act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right or to cause any other injury and, therefore, Defendant(s) is/are immune from liability.

27.     Any claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unavoidable Detriment)

28.     As a separate and thirteenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that to the extent that any of the plaintiffs suffered any detriment, such detriment was unavoidable.

29.     The damages or injuries complained of by Plaintiffs, if any, were the result of an emergency situation, not created by any fault of any Defendants, and into which they suddenly and unexpectedly were placed.

30.     The answering Defendant(s) is/are informed and believe and thereon allege that the damages complained of in Plaintiffs' Complaint, if any, resulted from an unforeseeable and superseding cause thereby barring either partially or totally Plaintiff's claimed damages herein.  The answering Defendant(s) is/are informed and believe and thereon allege that each and all of the purported causes of action and theories of relief asserted by Plaintiffs in the SAC are barred by virtue of an independent intervening cause.

/ / /

/ / /

20

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Party)

31.    As a separate and fifteenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants alleges that Plaintiffs' claims are barred for failure to join an indispensable party under Federal Rule of Civil Procedure 19.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Election)

32.    As a separate and fifteenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that at the time of trial, the answering defendant(s) may elect to limit or diminish plaintiffs' alleged damages of losses as provided and authorized by California Civil Code § 3333.1, California Civil Code § 3333.2 and California Code of Civil Procedure § 667.1, and the provisions of Proposition 51 as enacted into law in the State of California.

33.    In the event that any of the defendants herein is found to be liable for damages to any plaintiff, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to Civil Code § 1431.2, in direct proportion to each individual answering defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether joined as defendants or not; and that a separate judgment be rendered against each answering defendant for such amount

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

34.    As a separate and fifth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiffs' action is barred by reason of conduct, actions and inactions of Plaintiffs which amount to and constitute a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiff from

21

recovery in this action, including but not limited to the doctrine of unclean hands. Moreover, Plaintiffs freely, willingly and voluntarily agreed to clean up the jail cell at issue in this case, thereby waiving any claim to relief.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action/Heck v. Humphrey Bar)

35.    Plaintiff's claims for damages are barred, in whole or in part, by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of Plaintiff's underlying criminal conviction or sentence. Plaintiff has not alleged or shown that the criminal conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Additional Causes of Affirmative Defenses)

36.    Defendants contend that they cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in plaintiffs' Complaint. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

### JURY DEMAND

37.    Defendants demand a trial by jury as to each issue triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, the answering Defendants pray as follows:

WHEREFORE, Defendants pray for relief as follows:

1.    That the Complaint be dismissed, with prejudice and in its entirety;

2.    That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3.    That Defendants be awarded their costs incurred in defending this

action;

4.     That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED:  July 17, 2026                    **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**


                                         By:  _____/s/ Robert E. Murphy_____
                                              Mildred K. O'Linn
                                              Robert E. Murphy
                                              Attorneys for Defendants, CITY OF
                                              BALDWIN PARK, ERIC CAMACHO and
                                              JOSE CASTRO

23

## DEMAND FOR JURY TRIAL

Defendants, City of Baldwin Park; Eric Camacho; and Jose Castro, hereby demand trial of this matter by jury.

DATED:  July 17, 2026                **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:        /s/ Robert E. Murphy
           Mildred K. O'Linn
           Robert E. Murphy
           Attorneys for Defendants, CITY OF
           BALDWIN PARK, ERIC CAMACHO and
           JOSE CASTRO

24

**DEFENDANTS CITY OF BALDWIN PARK, ERIC CAMACHO AND JOSE CASTROS'**
**SECOND AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**