Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Angel Sanchez*

Mildred K. O'Linn (SBN 159055)
missy.olinn@manningkass.com
Robert E. Murphy (SBN 103936)
robert.murphy@manningkass.com
**MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL FRANCISCO SANCHEZ<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF BALDWIN PARK; ERIC CAMACHO; JOSE CASTRO; and DOES 1-10, INCLUSIVE<br><br>    Defendants. | Case No. 2:23-cv-03807-DMG-MAR<br><br>*Hon. Dolly M. Gee*<br><br>**AMENDED JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date: N/A<br>Time: N/A<br>Ctrm: N/A |

Pursuant to this Court's July 10, 2026, Order Lifting Stay [Dkt. 59], counsel for the parties to this action have met and conferred and, through their counsel, the parties submit the following report proposing new trial and pretrial deadlines in this action.

# I. PARTIES, FACTS, AND CLAIMS:

## A.   Parties:

Plaintiff:   ANGEL SANCHEZ, an individual,

Defendants: CITY OF BALDWIN PARK; ERIC CAMACHO; JOSE CASTRO; and DOES 1 through 10, inclusive.

## B.   Facts:

### 1.   *Plaintiff's Version of the Facts:*

On May 21, 2021, Plaintiff Angel Sanchez was a passenger in the back seat of a black Chevrolet Tahoe truck near the 4700 block of Phelan Avenue in the City of Baldwin Park. Defendants Jose Castro and Eric Camacho were dressed in civil plain-clothes and drove an unmarked black Dodge Charger in the same area as the vehicle Plaintiff was a passenger in. The Defendant Officers initiated a traffic stop of the vehicle. The driver of the Tahoe complied and pulled over to the side of the road where there was a space between parked cars. As the Tahoe came to a stop, Defendant Camacho exited the unmarked vehicle and approached the Tahoe. Plaintiff Sanchez opened the rear passenger door and exited the vehicle and began to run away, with his back to Defendant Camacho.

As Plaintiff ran away, Defendant Camacho discharged his firearm and struck Plaintiff several times, including to the backside of Plaintiff's body. Defendant Castro also fired an additional lethal round, after Defendant Camacho had fired his rounds. Defendant Camacho then dragged Plaintiff Sanchez by his left leg, which had just been struck by bullets, several feet, further aggravating Plaintiff's injuries. At all relevant times, Plaintiff posed no threat of death or serious bodily injury to anyone, including the Defendant Officers. Therefore, Defendants' use of deadly force against Plaintiff was unreasonable and excessive.

### 2.   *Defendants' Version of the Facts:*

On May 21, 2021, City of Baldwin Gang Detectives were driving an

unmarked black Dodge Charger equipped with interior red and blue emergency lights and side mounted spot lights. Detective Castro was driving while Detective Camacho was seated in the front passenger seat of the vehicle. Detectives conducted a traffic stop on a black Chevrolet Tahoe bearing California license number R162N0 for vehicle code violations in the 4700 block of Phelan Avenue in Baldwin Park.

When the vehicle yielded, Detective Camacho approached the passenger side of the Tahoe. As he approached the Tahoe, the right rear passenger (Angel Sanchez) quickly exited the Tahoe, pointing a firearm at Detective Camacho. Detective Camacho then fired approximately two rounds at the suspect. Detective Castro came around the rear of the Tahoe and observed the suspect still armed prompting Detective Castro to fire one round at the suspect. The suspect turned and fled north on the east sidewalk of Phelan Avenue where he tossed the firearm into the front yard of 4732 Phelan Avenue and collapsed on the sidewalk.

Therefore, the use of force by the defendants was objectively reasonable under the totality of the circumstances.

### C.    Claims For Relief:

Following Plaintiff's voluntary dismissal of his Unlawful Detention and Arrest Claim (Claim 1) asserted in Plaintiff's Complaint [Dkt. 1, 60, 61], Plaintiff maintains the following claims for relief against Defendants:

2. Fourth Amendment – Excessive Force (42 U.S.C. § 1983);

3. Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983);

4. Municipal Liability for Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983);

5. Municipal Liability for Ratification (42 U.S.C. § 1983); and

6. Municipal Liability for Failure to Train (42 U.S.C. § 1983).

### II. DISCOVERY PLAN:

A. The parties served their initial disclosures on November 3, 2023.

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26

B. The parties have discussed anticipated discovery and propose deadlines governing the limited remaining fact discovery that is necessary in this case, as well as expert discovery, set forth in Exhibit "A," attached. This schedule was compiled based upon the parties' proposed trial date and their evaluation of the parties' remaining discovery needs. At the time the Court issued its Order staying this entire action (the "Stay Order") on December 12, 2024 [Dkt. 41], fact discovery in this action had not yet closed.

C. Prior to the Court's Stay Order, pursuant to a stipulation of the parties, the Court issued an Order directing the County of Los Angeles Sheriff's Department to release its investigative file concerning the shooting incident that is the subject of this action. [Dkt. 33.] Pursuant to that Order, Plaintiff issued a subpoena seeking production of the records referenced in the Order, but counsel were informed that only an in-person inspection could be performed and the documents would not otherwise be produced. Thereafter, Plaintiff arranged an inspection and noticed same for December 23, 2024. However, after the Court issued its Stay Order, Plaintiff provided notice that the physical inspection would be continued to another date after the stay was lifted. Plaintiff is now arranging a new date for the inspection. Plaintiff may also propound additional written discovery upon Defendants as necessary.

D. Defendants anticipate preparing additional written discovery to cover the period of time that the case was on a discovery stay. Defendants anticipate subpoenaing the records of any additional health care providers Plaintiff has seen for evaluation, care and/or treatment of any ongoing medical issues he may have. Defendants also anticipate noticing an independent medical evaluation of plaintiff to determine his current medical condition, and need(s) if any, for additional medical care and treatment. In addition, Defendants anticipate taking the deposition of Plaintiff a second time, with questions limited to those that Mr. Sanchez refused to

-4-

answer (invoking his Fifth Amendment right against self-incrimination). Defendants also anticipate taking the depositions of third-party witnesses, including: Ingrid Molina and Jesus Aldaco.

D. The Parties each anticipate designating 1-5 retained and non-retained experts on liability and damages, and that depositions of such experts will also be taken. However, this estimate is not meant to limit the parties and each party reserves their right to call additional experts as appropriate in light of the circumstances and the nature of the claims and defenses at issue. The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

E. The parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

F. The parties do not anticipate any other changes to the limitations on discovery imposed under the Rules or by Local Rule.

## IV.   MOTION SCHEDULE:

The parties have discussed potential motions and propose the motion dates set forth in Exhibit "A" attached hereto.

Plaintiff will file appropriate discovery motions, if and as needed.

Defendants anticipate filing the following motions: A motion for summary judgment and a potential motion to bifurcate individual liability from *Monell* liability and punitive damages.

The Parties anticipate filing motions *in limine* if this matter proceeds to trial.

The Parties request a period of fourteen (14) days to file an opposition to any dispositive motion including a motion for summary judgment or partial summary judgment. The Parties are also agreeable to a period of fourteen (14) days to file a reply.

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26

## IV.   STATEMENT OF SETTLEMENT EFFORTS:

### A.   Possibility Of Prompt Settlement Or Resolution:

The parties have discussed the possibility of informal resolution of the case, as well as mediation, and propose the mediation cutoff set forth in Exhibit "A" attached hereto.  The parties have not yet engaged in substantive settlement discussions but are amenable to settlement discussions following completion of discovery.

### B.   ADR Selection Pursuant To Local Rule 16-15.4:

The parties have been referred to mediation through the Court Mediation Panel (Procedure No. 2), and mediator Richard Copeland was assigned to serve as their mediator in this case. [Dkt. 24, 27.]

## V.   TRIAL ESTIMATE:

The parties have discussed trial and trial preparation, and propose the trial dates set forth in Exhibit "A," attached hereto.  The parties request a trial date of November 9, 2027, which is the earliest trial date available on the trial calendars for all counsel. The parties estimate that this trial will take 5-7 days, not including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Trial will be by jury.

## VI.   ADDITIONAL PARTIES:

At this time, Plaintiff does not anticipate naming additional parties, or amending the pleadings.

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26

**VII.  SEVERANCE/BIFURCATION:**

At this time, the Parties are not intending to bifurcate any phases of the case or sever any claims or issues.

**VIII.  PRINCIPAL ISSUES IN THE CASE:**

The following are among the principal issues in this action:

a)  Whether Defendant Officers used excessive force;

b)  Whether the use of excessive force against Plaintiff was malicious, oppressive, or in reckless disregard of his rights;

c)  Whether Defendant Officers unreasonably denied medical care to Plaintiff under the Fourth Amendment;

d)  Whether the City of Baldwin Park Police Department has unconstitutional policies, practices, or customs that were the cause of Plaintiff's injuries;

e)  Whether the City of Baldwin Park Police Department failed to adequately train its officers;

f) The nature and extent of Plaintiff's damages, including compensatory damages, economic and non-economic damages, and punitive damages;

g) The principal affirmative defenses raised by Defendants' Answer;

h) Whether the individual defendants are entitled to qualified immunity; comparative fault on the part of plaintiff and mitigation of damages.

**IX.  INSURANCE:**

Defendants are self-insured and have adequate excess insurance coverage.

**X.  MAGISTRATE JUDGE**

The parties do not consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26

**OTHER ISSUES:**

This case is not complex and does not require utilization of the Manual For Complex Litigation.

Counsel agree that this matter is not a class action.

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

The parties are not aware of any other issues that need to be addressed by the court at this time.

Dated:  July 31, 2026            **LAW OFFICES OF DALE K. GALIPO**


By:  /s/ Benjamin S. Levine
    Dale K. Galipo
    Benjamin S. Levine[1]
    *Attorneys for Plaintiff*


Dated:  July 31, 2026            **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**


By:  /s/ Robert Murphy
    Mildred K. O'Linn
    Robert E. Murphy
    *Attorneys for Defendants*

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.